UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

    *Plaintiffs*,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,

    *Defendants*.

Case No.: 1:25-cv-0872

# DECLARATION OF ANDREW MAGNO FREIRE

I, Andrew Magno Freire, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am a staff attorney at Immigrant Defenders Law Center, and I am an attorney in good standing of the State Bar of California. I have been practicing law for one and half years and have solely focused on immigration deportation defense for minors and adults in Southern California.

3. I provided pro bono assistance to E.F.S., an individual who was paroled into the United States at a port of entry in 2024 and is now being placed in expedited removal proceedings. On May 23, 2025, I met with E.F.S. in Los Angeles, California, when he was in the custody of U.S. Immigration and Customs Enforcement (ICE), and he recounted to me all the following information.

4. E.F.S. is a national of Honduras who presented for inspection at the port of entry in Eagle Pass, Texas on June 26, 2024. At that time, E.F.S., his wife, and their young son were in

receipt of an appointment that they made using the Department of Homeland Security's CBP One mobile application. That same day, E.F.S. and his family members were granted parole into the United States until June 25, 2025. At the same time, they were issued a Notice to Appear informing them that they were required to appear in Immigration Court for immigration proceedings at a later date. Attached as Exhibit A to this declaration is a true and correct copy of the Notice to Appear with all personally identifiable information redacted. At that time, E.F.S. and his family's cases were consolidated, and their first Master Calendar Hearing (MCH) was scheduled for May 23, 2025, in Los Angeles Immigration Court.

5. After E.F.S. and his family were paroled into the United States, they stayed in a shelter in San Antonio for twelve days, then moved to San Pedro, California. In advance of their MCH, E.F.S. and his family began working on their application for asylum. They were in the process of finalizing their asylum application when they attended their first hearing in immigration court.

6. On May 23, 2025, E.F.S. and his family appeared without counsel for their first MCH. At that time, a trial attorney from the ICE Office of the Principal Legal Advisor (OPLA) who was representing the government moved to sever E.F.S.'s case from his wife and son's case and then moved the court to dismiss his case. Despite E.F.S.' attempt to oppose the motion to dismiss, the Immigration Judge presiding over the case granted the OPLA attorney's oral motions, stating that OPLA has power to decide how to handle these cases, including if they don't want to continue with the case and want to close the case. The OPLA attorney informed the court on the record that E.F.S. was going to be placed in expedited removal. The Immigration Judge then granted E.F.S.' wife and son a

continuance to seek an attorney, noting that it is customary for respondents to be granted another court date to find an attorney. E.F.S. was not given this opportunity.

7. Upon leaving the courtroom, ICE enforcement officers arrested and detained E.F.S. in front of his wife and 8-year-old son. The officers brought E.F.S. down to ICE's detention processing floor in the building, where they informed him that he would be transported to another detention center and then deported. They asked E.F.S. if he is afraid to return to his home country and E.F.S. replied that he does fear returning to Honduras. The officers provided E.F.S. documents related to participating in a Credible Fear Interview (CFI), and he signed the documents.. ICE officers affirmed that they would send him a notice about the CFI interview, but did not specify when or where the CFI would occur. As part of my pro bono assistance, I have helped prepare E.F.S. for his CFI but he has still not received a CFI.

8. E.F.S. remains in detention at the Northwest Detention Center in Tacoma, Washington.

9. E.F.S. has a fear of returning to his home country, but because his immigration proceedings have been dismissed and he has been placed in expedited removal, he will now not be able to present his asylum claim unless immigration officials decide during his CFI that he has established a credible fear of persecution. Because he is in detention, E.F.S.'s ability to marshal and present evidence and communicate with counsel is significantly diminished. If E.F.S. is deported back to Honduras, he risks being tortured or killed by gang members who extorted, attacked, and threatened to kill him and his family.

10. E.F.S. should have had a meaningful opportunity to present his asylum application, and to oppose the OPLA attorney's motion to sever and dismiss his consolidated case with his

wife and son. At his first MCH, he was not given the opportunity to enter pleadings, nor state what form of relief he is actively pursuing. Instead, his case was quickly severed from his family's case and dismissed. At the very least, he should have had the opportunity to find legal counsel, as the Immigration Judge permitted for his wife and son. Now, E.F.S. has suffered—and is continuing to suffer—mental and emotional harm from being suddenly separated from his family and detained with threats of deportation.

11. In my experience providing legal representation to individuals like E.F.S., his situation was extremely unusual and therefore deeply troubling to me. First, I have never seen the federal government move to sever and dismiss an individual's removal proceedings in order to separate family members pursuing the same form of relief and to pursue expedited removal of a particular family member. When I met E.F.S.'s wife and 8-year-old son immediately after E.F.S. was arrested and pulled away into ICE's basement office for processing, they were terrified, confused and could barely speak to me. They were in a state of shock, and did not know when or how they would next communicate with E.F.S.

12. Additionally, I have never seen the federal government pursue expedited removal of an individual who has been granted parole into the United States. That individuals like E.F.S. are being targeted and separated from their families in this manner is especially concerning and egregious considering that E.F.S. and his family were granted parole, complied with all of their obligations before EOIR, and were actively pursuing a form of relief when his case was dismissed.

13. As I now provide E.F.S. legal representation, there are significant barriers for me to work with E.F.S. and prepare his own signed declaration. The significant difficulty in obtaining

4

a signed declaration from E.F.S. at this time is exacerbated by the government's decision to transfer him to an immigration detention facility in Tacoma, Washington, where I have experienced repeated delays in establishing a telephone call to confidentially communicate with E.F.S.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Los Angeles, California on June 10, 2025.

*Andrew M. Freire*

Andrew Magno Freire

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

0 6 2 6 2 4

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Event No: ▮

Subject ID: ▮  FAMU: ▮

SIGMA Event: ▮  File No ▮

In the Matter of:

Respondent: ▮ currently residing at:

▮

(Number, street, city, state and ZIP code)    (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of HONDURAS and a citizen of HONDURAS;
3. You applied for admission on 06/26/2024 at EAGLE PASS (BRIDGE 2), TX, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; and/or you are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:   [ ] 8CFR 208.30   [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
300 N LOS ANGELES ST RM 4330,
LOS ANGELES, CA, US 90012
(Complete Address of Immigration Court, including Room Number, if any)

on May 23, 2025 at 08:00 AM to show why you should not be removed from the United States based on the
(Date)        (Time)   ESCAMILLA, Ricardo D
charge(s) set forth above.     CBP OFFICER
                               (Signature and Title of Issuing Officer)    Digitally Acquired Signature

Date: June 26, 2024     Eagle Pass, TEXAS
                        (City and State)

DHS Form I-862 (6/22)                                              Page 1 of 4