# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> *Defendants.* | Case No.: 1:25-cv-0872 |

# DECLARATION OF BIANCA L. TORRES

I, Bianca L. Torres, upon my personal knowledge, hereby declare as follows:

1.  I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2.  I am an attorney at The Law Office of Bianca L. Torres, PLLC, and I am an attorney in good standing of the State Bar of Arizona. I represent E.I.R.M., a national of Mexico who was paroled into the United States at a port of entry in November 2023 and was subsequently targeted and processed for expedited removal. E.I.R.M. is a member of The Coalition for Humane Immigrant Rights (CHIRLA).

3.  On November 21, 2023, E.I.R.M. presented at the Calexico, California port of entry. E.I.R.M. and his brother and sister had used the Department of Homeland Security (DHS) CBP One application to schedule an appointment at this port of entry. Following their inspection by U.S. Customs and Border Protection (CBP) personnel, they were each granted parole into the United States that day through November 19, 2025. At the same time, they were each issued a Notice to Appear that required them to appear at the

Imperial, California Immigration Court on January 9, 2024. Attached as Exhibit A to this declaration is a true and correct copy of E.I.R.M.'s Notice to Appear with all personally identifiable information redacted. E.I.R.M. and his family moved to Tempe, Arizona, and hired me as their attorney. I, as counsel, filed a motion to change the venue of their immigration court proceedings to Phoenix, Arizona.

4.  After the three siblings were paroled into the United States, they resided in Tempe, Arizona, and obtained work authorization based on their grants of parole. While in Tempe, E.I.R.M. was working, became engaged to be married to a United States citizen, and had no encounters with law enforcement. E.I.R.M. appeared at all of his Master Calendar Hearings, filed an application for asylum with the immigration court, and was preparing evidence for his final hearing, which was scheduled for April 2, 2026. E.I.R.M. will also be eligible to adjust his status once he is married to his fiancée.

5.  On March 7, 2025, while E.I.R.M. and his fiancée were driving to California for a birthday trip for E.I.R.M., they passed through an interior CBP checkpoint in Blythe, California. Although his parole was still valid, CBP personnel arrested and detained E.I.R.M. Although he was initially detained in California, Immigration and Customs Enforcement (ICE) transferred him to the Eloy Detention Center in Eloy, Arizona. On March 14, 2025, DHS filed a motion to change venue to Eloy. On March 26, 2025, the motion to change venue was granted.

6.  On April 9, 2025, DHS filed a written motion to dismiss citing 8 C.F.R. § 1239.2(c) and 8 C.F.R. § 239.2(a)(6), stating that the Notice to Appear—the charging document issued to E.I.R.M. when he was first paroled into the country and that initiated his ongoing immigration proceedings—was improvidently issued because, according to DHS,

E.I.R.M. purportedly qualifies for expedited removal pursuant to INA § 235(b). Attached as Exhibit B to this declaration is a true and correct copy of this motion to dismiss with all personally identifiable information redacted. In my many years of practicing immigration law, and representing individuals paroled into the United States, I have never seen or heard of paroled individuals being placed into Expedited Removal proceedings. This is unusual because normally this is a decision made at the port of entry, not months/years after their interaction with CBP.

7. The Immigration Judge granted DHS's motion on April 11, 2025, without providing the usual ten days for the Respondent to respond. As a result, on April 14, 2025, I filed a motion to reconsider, objecting to the motion to dismiss; the Immigration Judge granted my motion on April 16, 2025, allowing for E.I.R.M. to file a response to DHS's motion. On April 25, 2025, I filed an opposition to DHS's motion and DHS filed a reply on May 1, 2025. That same day, the Immigration Judge granted the government's motion to dismiss E.I.R.M.'s removal proceedings. Attached as Exhibit C to this declaration is a true and correct copy of the immigration judge's May 1, 2025, decision with all personally identifiable information redacted. I have filed an appeal with the Board of Immigration Appeals, which is currently pending. Attached as Exhibit D to this declaration is a true and correct copy of this appeal with all personally identifiable information redacted.

8. While E.I.R.M. was detained at the Eloy Detention Center and before his immigration proceedings had even been dismissed by the immigration court, I received communication from his family advising me that an officer met with him on April 22, 2025, asking whether he was afraid of returning to Mexico. I understood this to mean that

the government was moving forward with processing him for expedited removal and that they were determining whether to refer him to a U.S. Citizenship and Immigration Services (USCIS) asylum officer for a credible fear interview. I spoke to my client directly and advised him to request my presence at this interview. I also sent an email to the ICE Office in Eloy and the USCIS Asylum Office with my Form G-28 Notice of Appearance as Attorney requesting that I be present for any credible fear interview USCIS provided to my client. Attached as Exhibits E and F to this declaration are true and correct copies of my emails to the ICE Office and the USCIS Asylum office with all personally identifiable information redacted. I did not receive a response from USCIS to my request.

9. On May 1, 2025, my client was escorted by detention officers to visitation for a credible fear interview via telephone. At that time, E.I.R.M. told the USCIS asylum officer that he wanted his attorney present to answer questions. The USCIS officer attempted to contact me with no advance notice but I was unable to answer because I was in Court at that time. The USCIS officer then told my client that they had to proceed with the interview and if he did not answer they would simply find him not credible. As a result, my client answered the questions and at the end of the interview was told he did not have a credible fear of returning to Mexico. He requested that an Immigration Judge review the determination. To this day, he has not received this review or even a copy of the transcript of his credible fear interview.

10. E.I.R.M. has been significantly harmed throughout this process. His mental state has significantly declined knowing that he is being detained for an unspecified amount of time, and he struggles to understand why. He followed the steps to request legal entry

into the United States, timely filed an application for asylum, attended all court dates and was actively preparing for his final hearing, and had both a valid parole document and work permit when he was detained. E.I.R.M. has now been separated from his fiancée and his family for well over two months, with no notion of when, or even if, they will ever be able to be together again. Conditions in the detention center where he has been held are worsening as the number of individuals detained in Eloy has risen significantly. E.I.R.M. shares a small room with another individual. Within his "pod" approximately 50 people share two microwaves and four telephones. The food provided at the Eloy Detention Center is often expired or close to expiration.

11. E.I.R.M. has also been left in limbo with regard to his immigration case. He was told he did not pass his credible fear interview, but he has not seen an Immigration Judge for the review that he requested and is entitled to, even though his interview was conducted more than a month ago. This is unusual because an Immigration Judge review of a negative credible fear interview is supposed to be held within seven days of the negative finding according to the regulations. *See* 8 C.F.R. § 1003.42(e). If E.I.R.M. is scheduled for a review before an Immigration Judge, I, as his attorney, will be present to advocate on his behalf. His ordinary removal proceedings are also ongoing due to the pendency of his appeal to the Board of Immigration Appeals of the court's dismissal order.

12. Additionally, the illegal dismissal of these proceedings so that DHS can subject E.I.R.M. to expedited removal would result in his swift return to Mexico where he would face harm. E.I.R.M. and his brother received various credible death threats from a Mexican cartel that has been designated a Foreign Terrorist Organization group and a Specially Designated Global Terrorist group by the current administration. *See* U.S. Dep't of State,

*Designation of International Cartels*, Feb. 20, 2025, at

https://www.state.gov/designation-of-international-cartels/. The dismissal has deprived

E.I.R.M. of his right to have his meritorious asylum claim adjudicated in the immigration

court. The limited rights and lack of meaningful process provided in the credible fear

process, including barriers to accessing counsel and evidence since he is detained, are

inadequate to protect E.I.R.M.'s legitimate interests. USCIS should not have conducted

the credible fear interview without making reasonable efforts to allow my presence. One

phone call, without any prior notice, or communication regarding scheduling, is not a

reasonable effort.

13. I, as the legal representative of E.I.R.M., have personal knowledge of the statements

about his immigration history, immigration status, and immigration case. I further declare

that these statements are true and correct to the best of my knowledge.

I declare under penalty of perjury and under the laws of the United States that the foregoing
is true and correct to the best of my knowledge.

Executed in Mesa, Arizona on June 9, 2025.

Bianca L. Torres, Esq.

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

| In removal proceedings under section 240 of the Immigration and Nationality Act: | Event No: ▓▓▓▓▓▓▓ |
|---|---|

Subject ID : ▓▓▓▓▓▓  FIN #: ▓▓▓▓▓▓

SIGMA Event: ▓▓▓▓  DOB: ▓▓▓▓▓▓   File No: ▓▓▓▓▓▓

In the Matter of: ▓▓▓▓▓▓▓

Respondent: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  _____  currently residing at:

▓▓▓▓▓▓▓      Yuma,ARIZONA 85365,UNITED STATES OF AMERICA        ▓▓▓▓▓▓▓

(Number, street, city, state and ZIP code)        (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of MEXICO and a citizen of MEXICO;
3. You applied for admission on 11/21/2023 at CALEXICO, CA, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;
5. You are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:  [ ] 8CFR 208.30  [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
2409 LA BRUCHERIE RD,
IMPERIAL, CA, US 92251

(Complete Address of Immigration Court, including Room Number, if any)

on January 9, 2024 at 09:00 AM to show why you should not be removed from the United States based on the
(Date)        (Time) MARTINEZ, Diana L

charge(s) set forth above.        CBP OFFICER

(Signature and Title of Issuing Officer)        Digitally Acquired Signature

Date: November 21, 2023        CALEXICO, CALIFORNIA

(City and State)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589.** Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero,** as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

_____
*(Signature and Title of Immigration Officer)*

Date: _____

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on <u>November 21, 2023</u>, in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ **SPANISH** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

████████████
*Digitally Acquired Signature*
*(Signature of Respondent if Personally Served)*

**MARTINEZ, Diana L**
**CBP_OFFICER**
*(Signature and Title of officer)*                    *Digitally Acquired Signature*

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S. Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

**U.S. Department of Homeland Security**

**Continuation Page for Form** I-862

| Alien's Name | File Number ▆▆▆▆▆▆▆ | Date |
| | SIGMA Event: ▆▆▆▆▆▆ | |
| ▆▆▆▆▆▆▆▆▆▆▆▆ | Event No: ▆▆▆▆▆ | **November 21, 2023** |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE
UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
=================================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an
immigrant who, at the time of application for admission, is not in possession of a valid
unexpired immigrant visa, reentry permit, border crossing card, or other valid entry
document required by the Act, and a valid unexpired passport, or other suitable travel
document, or document of identity and nationality as required under the regulations issued
by the Attorney General under section 211(a) of the Act.

| Signature | Title |
| MARTINEZ, Diana L | CBP OFFICER |

*Digitally Acquired Signature*

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT B

Corina Almeida                                                              **DETAINED**
Chief Counsel

Derek Faraldo
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
1705 E. Hanna Rd.
Eloy, AZ 85131


# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## ELOY, ARIZONA

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| ██████████████████████ | )     File No.: ████████████ |
| | ) |
| In removal proceedings | ) |
| | ) |

Immigration Judge: ORECHWA, NICOLAS          Next Hearing: 4/15/2025


# DEPARTMENT OF HOMELAND SECURITY
## MOTION TO DISMISS WITHOUT PREJUDICE

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## ELOY, ARIZONA

In the Matter of:

███████████████████████

In removal proceedings

File No.: ████████████

## DEPARTMENT OF HOMELAND SECURITY
## MOTION TO DISMISS WITHOUT PREJUDICE

Pursuant to 8 C.F.R. § 1239.2(c) and 8 C.F.R. § 239.2(a)(6), the Department of Homeland Security (the Department) hereby moves to dismiss the removal proceedings on the Notice to Appear (NTA), issued on or about November 21, 2023, because the NTA was improvidently issued as the respondent qualifies for expedited removal pursuant to Immigration and Nationality Act § 235(b).

**WHEREFORE**, for the reasons stated above, the Department requests this Court grant its motion to dismiss without prejudice.

Respectfully submitted on this 9th day of April 2025.

DEREK A FARALDO
Digitally signed by DEREK A FARALDO
Date: 2025.04.09 22:28:53 -07'00'

_____
Derek Faraldo
Assistant Chief Counsel

Corina E. Almeida
Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## CERTIFICATE OF SERVICE

I hereby certify that this Department of Homeland Security Motion to Dismiss Without Prejudice and any attached documents was/were served upon the respondent (or his/her representative):

☐ by placing a true copy in a sealed envelope, with postage fully to be prepaid and causing the same to be mailed by first class mail to the address set forth below:

☐ by placing a true copy in a sealed envelope into the inter/intra-office mail at Choose an item., to the address set forth below:

☐ by e-service or email to the address set forth below:

☐ by UPS to the address set forth below:

███████████████████████████
████████████████
ELOY, AZ  85131

☒ through the EOIR Courts and Appeals System (ECAS), in which both parties are participating. Therefore, no separate service was completed.

DEREK A FARALDO
Digitally signed by DEREK A FARALDO
Date: 2025.04.09 22:28:22 -07'00'

Date:  April 9, 2025

_____
Assistant Chief Counsel

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**ELOY, ARIZONA**

In the matter of: ████████████████████        A Number: ████████

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of **Department of Homeland Security's Motion To Dismiss Without Prejudice,** it is **HEREBY ORDERED** that the motion be

( ) **GRANTED**   ( ) **DENIED** because:

( ) DHS does not oppose the motion.
( ) The respondent does not oppose the motion.
( ) A response to the motion has not been filed with the court.
( ) Good cause has been established for the motion.
( ) The court agrees with the reasons stated in the opposition to the motion.
( ) The motion is untimely per _____.
( ) Other:

Deadlines:

( ) The application(s) for relief must be filed by _____.
( ) The respondent must comply with DHS biometrics instructions by _____.
( ) The Department/Respondent/Both must file their documents by _____.

_____          _____
Date                                                      Immigration Judge

Certificate of Service
This document was served by:        [ ] Mail          [ ] Personal Service
To:  [ ] Alien   [ ] Alien c/o Custodial Officer   [ ] Alien's Atty/Rep   [ ] DHS
Date: _____        By: Court Staff _____

EOIR – 4 of 4

4

# EXHIBIT C

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ELOY IMMIGRATION COURT**

Respondent Name:

████████████████████████

To:

Torres, Bianca L
1910 S. Stapley Dr.
Suite 221
Mesa, AZ 85204

A-Number:

████████

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/01/2025

## ORDER ON MOTION TO DISMISS

☐ The Respondent  ☑ the Department of Homeland Security  ☐ the parties jointly has/have filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given notice of the motion to the non-moving party and the court has provided the non-moving party with an opportunity to respond. The motion is  ☑ opposed  ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to dismiss is:

☑ Granted without prejudice
☐ Denied

Further explanation:

The court considered the respondent's opposition filed April 25, 2025, and DHS's reply filed May 1, 2025. The dismissal is without prejudice and the respondent may still seek relief from removal.

IT IS SO ORDERED.

Immigration Judge: ORECHWA, NICOLAS 05/01/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : ███████████████████████ | A-Number : ██████████

Riders:

Date: 05/01/2025 By: HARCHUT, MARGARET ANN, Court Staff

# EXHIBIT D

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an**
**Immigration Judge**

---

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s): | For Official Use Only

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

> ⚠ **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am ☑ the Respondent/Applicant ☐ DHS-ICE *(Mark only one box.)*

**3.** I am ☑ **DETAINED** ☐ NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at _Eloy, Arizona_____ *(Location, City, State)*

---

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in* **merits** *proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

☐ I am filing an appeal from the Immigration Judge's decision *in* **bond** *proceedings* dated
_____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☐ Yes. ☐ No.)

☑ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _May 1, 2025_ , _granting motion to dismiss_

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

EOIR 1 of 5

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

The Immigration Judge erred in granting the Department of Homeland Security's motion to dismiss without prejudice.

Subjecting Respondent to expedited removal would violate Congress's carefully crafted statutory scheme for processing noncitizen applicants for admission. INA § 235(b) provides Department with several choices for how to process a noncitizen whom it alleges is an inadmissible applicant for admission, but there is no statutory authority for Department to later reverse that choice.

*(Attach additional sheets if necessary)*

 **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7.   Do you desire oral argument before the Board of Immigration Appeals?    ☐ Yes   ☑ No

8.   Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☑ Yes   ☐ No

 **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9.

| Sign Here ➡ | X  | 05/02/2025 |
|---|---|---|
| | Signature of Person Appealing *(or attorney or representative)* | Date |

Form EOIR-26
Revised Sept. 2019

EOIR 2 of 5

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|

████████
(Name)

████████
(Street Address)

(Apartment or Room Number)

Eloy, AZ 85131
(City, State, Zip Code)

(Telephone Number)

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|

Bianca L. Torres
(Name)

1910 S. Stapley Dr.,
(Street Address)

Suite 221
(Suite or Room Number)

Mesa AZ 85204
(City, State, Zip Code)

(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

## PROOF OF SERVICE (You Must Complete This)

I Bianca L. Torres _____ mailed or delivered a copy of this Notice of Appeal
(Name)

on May 1, 2025 _____ to DHS/ICE _____
(Date)                                       (Opposing Party)

at VIA ECAS _____
(Number and Street, City, State, Zip Code)

| SIGN HERE → | X _____ |
|---|---|
| | Signature |

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

### HAVE YOU?

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments
☐ Signed the form

☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Proof of Service
☐ Attached the required fee or Fee Waiver Request
☐ If represented by attorney or representative, attach a completed and signed EOIR-27

Form EOIR-26
Revised Sept. 2019



### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### ELOY IMMIGRATION COURT

Respondent Name:

To:

Torres, Bianca L
1910 S. Stapley Dr.
Suite 221
Mesa, AZ 85204

A-Number:

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/01/2025

### ORDER ON MOTION TO DISMISS

☐ The Respondent ☑ the Department of Homeland Security ☐ the parties jointly has/have
filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given
notice of the motion to the non-moving party and the court has provided the non-moving party
with an opportunity to respond. The motion is ☑ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to
dismiss is:

☑ Granted without prejudice
☐ Denied

Further explanation:

The court considered the respondent's opposition filed April 25, 2025, and DHS's reply filed
May 1, 2025. The dismissal is without prejudice and the respondent may still seek relief from
removal.

IT IS SO ORDERED.

Immigration Judge: ORECHWA, NICOLAS 05/01/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name :                                                          | A-Number :

Riders:

Date: 05/01/2025 By: HARCHUT, MARGARET ANN, Court Staff

EOIR 5 of 5

# EXHIBIT E

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

 

Bianca Torres <bianca.torres@torrespllc.com>

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
3 messages

**Bianca Torres** <bianca.torres@torrespllc.com>                           Wed, Apr 23, 2025 at 3:10 PM
To: "EAZ-Outreach," <EAZ-Outreach@ice.dhs.gov>

Good Afternoon,
My client ▉▉▉▉▉▉▉▉▉▉▉▉ and he has informed me he is being scheduled for a Credible Fear
Interview.  Attached is my G28, that should already be on file.  I would like to be present for this interview.  Please
coordinate with me for scheduling.  Additionally, I wanted to inform ICE that my motion to reconsider the dismissal of his
case was granted please see attached.  Thus, his case is not yet closed before an Immigration Judge.

Lastly, my client indicated he signed some documents a couple of weeks ago.  May I have a copy of what he has signed.

Best,
Bianca L. Torres, Esq.



Attorney
1910 S. Stapley Dr., Suite 221,
Mesa AZ 85204 | (480) 626 2077

**2 attachments**

 **New G28 ▉▉▉▉▉▉▉▉▉▉.pdf**
311K

📄 **Order on Motin to Reconsider.pdf**
460K

**EAZ-Outreach,** <EAZ-Outreach@ice.dhs.gov>                           Thu, Apr 24, 2025 at 11:21 AM
To: Bianca Torres <bianca.torres@torrespllc.com>

Received and forwarded to Deportation Officer Peru.

Thank you,

EAZ-Outreach

**From:** Bianca Torres <bianca.torres@torrespllc.com>
**Sent:** Wednesday, April 23, 2025 3:11 PM
**To:** EAZ-Outreach, <EAZ-Outreach@ice.dhs.gov>
**Subject:** ▉▉▉▉▉▉▉▉▉▉▉

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

[Quoted text hidden]

---

**2 attachments**

 **New G28** ▉▉▉▉▉▉▉▉▉▉**.pdf**
311K

 **Order on Motin to Reconsider.pdf**
460K

---

**EAZ-Outreach,** <EAZ-Outreach@ice.dhs.gov>                    Thu, Apr 24, 2025 at 4:30 PM
To: Bianca Torres <bianca.torres@torrespllc.com>

Good day,


You must reach out to USCIS if you like to be present in the Credible Fear interview, as USCIS conducts those interviews. Also, your client decline to sign M-444 Information about Credible Fear Interview, I will be submitting it as a refused to sign in order to proceed with scheduling his interview.


Respectfully,


*Ema V. Peru*

*Deportation Officer*

*Phoenix Field Office, Eloy Detention Center*

*Enforcement and Removal Operations*

**U.S. Immigration and Customs Enforcement**

*Cell: 520-840-6330*



Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

---

**From:** Bianca Torres <bianca.torres@torrespllc.com>
**Sent:** Wednesday, April 23, 2025 3:11 PM
**To:** EAZ-Outreach, <EAZ-Outreach@ice.dhs.gov>
**Subject:** ▉▉▉▉▉▉▉▉▉▉

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good Afternoon,

[Quoted te t hidden]

 **Bianca Torres <bianca.torres@torrespllc.com>**

███████████████████████████████

3 messages

---

**Peru, Ema V** <Ema.V.Peru@ice.dhs.gov>                          Thu, Apr 24, 2025 at 4:28 PM
To: "bianca.torres@torrespllc.com" <bianca.torres@torrespllc.com>

Good day,

You must reach out to USCIS if you like to be present in the Credible Fear interview, as USCIS conducts credible fear interviews. Also, your client declines to sign M-444 Information about Credible Fear Interview, I will be submitting it as a refused to sign to proceed with scheduling his interview.

Respectfully,

*Ema V. Peru*

*Deportation Officer*

*Phoenix Field Office, Eloy Detention Center*

*Enforcement and Removal Operations*

**U.S. Immigration and Customs Enforcement**

*Cell: 520-840-6330*

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

---

**Bianca Torres** <bianca.torres@torrespllc.com>                  Fri, Apr 25, 2025 at 11:20 AM
To: "Peru, Ema V" <Ema.V.Peru@ice.dhs.gov>

Thank you for the information, I sent an email to the LA Asylum Office. Do you know if there is another way I need to notify USCIS?

My client stated he did sign some documents but it was a couple weeks back, could you please share with me the documents he did sign?

Best,

Bianca L. Torres, Esq.



Attorney

1910 S  Stapley Dr , Suite 221,
Mesa AZ 85204 | (480) 626-2077

[Quoted text hidden]

---

**Bianca Torres** <bianca.torres@torrespllc.com>                    Tue, Apr 29, 2025 at 4:19 PM
To: "Peru, Ema V" <Ema.V.Peru@ice.dhs.gov>

Hello again,

I am following up on my previous email. My client had an attempted interview but requested my presence.  I have not had any communication with USCIS regarding his CFI.  I sent my G28 to the LA Asylum Office email box, do you have anyother point of contact for USCIS CFI's?

Best,
Bianca L. Torres, Esq.



Attorney

1910 S  Stapley Dr , Suite 221,
Mesa AZ 85204 | (480) 626-2077

[Quoted text hidden]

# EXHIBIT F

 Gmail

Bianca Torres <bianca.torres@torrespllc.com>

---

**G28 for pending CFI interview**
1 message

---

**Bianca Torres** <bianca.torres@torrespllc.com>                           Fri, Apr 25, 2025 at 11:17 AM
To: losangelesasylum@uscis.dhs.gov

Good Afternoon,
My client ███████████████ has informed me he is being scheduled for a Credible Fear Interview.
Attached is my G28.  I would like to be present for this interview.  Please coordinate with me for scheduling.  Additionally, I
wanted to inform USCIS/ICE that my motion to reconsider the dismissal of his case was granted please see attached.
Thus, his case is not yet closed before an Immigration Judge and he is still in removal proceedings.


Best,
Bianca L. Torres, Esq.



                    Attorney
1910 S  Stapley Dr , Suite 221,
Mesa AZ 85204 | (480) 626-2077

---

**2 attachments**

 **Order on Motin to Reconsider.pdf**
460K

 **g28 ███████████.pdf**
344K