# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>    *Plaintiffs,*<br><br>    *v.*<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    *Defendants.* | Case No.: 1:25-cv-0872 |

## DECLARATION OF CESAR O. MONTOYA, ESQ.

I, Cesar O. Montoya, Esq., upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an attorney in good standing of the State Bar of California, and I have been practicing immigration law for over six years. I am the managing attorney at MCM Law Group, P.C. based in Santa Ana, California.

3. In my practice, I represent numerous noncitizens, including individuals paroled into the United States under various humanitarian processes.

4. My clients include Cuban nationals who entered the U.S. legally, have complied with all reporting and legal obligations, and are eligible to adjust their status to lawful permanent resident status under the Cuban Adjustment Act (CAA).

### D.R.A.

5. One such client is D.R.A., a 63-year-old Cuban national who presented at the Calexico port of entry on June 28, 2024, for inspection after making a CBP One appointment.

D.R.A. was inspected and paroled into the country on June 28, 2024 and was at that time issued a Notice to Appear requiring her to appear before the Santa Ana Immigration Court on December 9, 2024. Attached as **Exhibit A** is a true and correct copy of the Notice to Appear that D.R.A. received with all personally identifiable information redacted.

6. After D.R.A. was paroled into the United States, she resided in California and obtained work authorization based on her parole status. She has been working as a housekeeper. D.R.A. has no criminal history and has met all obligations under the law. She is also prima facie eligible to adjust her status under the CAA as a result of her parole into the country more than one year ago.

7. On May 20, 2025, D.R.A. attended a scheduled master calendar hearing at the Immigration Court in Santa Ana, California. This was her second master calendar hearing; the first took place on April 22, 2025, which she also attended. I represented her at the May 20, 2025, hearing. Another master calendar hearing is currently scheduled for June 13, 2025, at 1:00 PM.

8. At that time, the Immigration and Customs Enforcement (ICE) Trial Attorney did not file or make any oral motion to dismiss the case. The respondent, D.R.A., was not served with any written motion to dismiss prior to or at the hearing. There was no indication from the ICE Trial Attorney that the respondent would be taken into custody or subject to expedited removal following the hearing. The Immigration Judge did not issue any order dismissing the proceedings.

9.  Immediately after leaving the courtroom, however, D.R.A. was detained outside the court by ICE officers. D.R.A. has not received a Form I-860, which is the Notice and Order of Expedited Removal.

10. As of this time, DHS has not filed any motion to dismiss the case.

11. D.R.A. was inspected and paroled into the country on June 28, 2024. Although her parole was initially for a longer period, her current Form I-94 indicates an "Admit Until Date" of April 18, 2025. Attached as **Exhibit B** to this declaration is a true and correct copy of D.R.A.'s I-94, last checked on June 9, 2025, with all personally identifiable information redacted. I understand this to mean that D.R.A.'s parole status has been terminated.

12. A motion for custody redetermination has since been filed on her behalf and is currently pending before the Immigration Court.

13. My belief that D.R.A. is being processed for expedited removal—or is at imminent risk of being processed for expedited removal—is based on the fact that she was detained following the dismissal of her case, without being issued a new Notice to Appear, being given a bond hearing, or being provided any further information or documentation, and in light of widespread reports that other paroled individuals like D.R.A. have been detained and placed in expedited removal after their removal proceedings were dismissed.

14. D.R.A. has a well-founded fear of returning to Cuba, where she was previously subjected to political persecution due to her outspoken opposition to the regime. If she is processed for expedited removal, she will be unable to present her asylum claim before an Immigration Judge unless she first establishes credible fear during a detention interview.

15. Furthermore, being placed in expedited removal will prevent her from obtaining other forms of relief for which she is eligible, including adjustment of status under the CAA, to which she remains prima facie eligible due to her parole into the United States.

16. In addition to these procedural barriers, D.R.A. suffers from age-related medical conditions, including hypertension, chronic joint pain, dizziness, and mental health challenges such as anxiety and depression, all exacerbated by detention. The lack of adequate medical and mental health care in detention, combined with limited due process protections and restricted access to counsel and evidence, poses a serious risk to her well-being.

**M.A.R.**

17. A second client of mine facing this treatment is M.A.R., a 46-year-old Cuban national who presented at the San Ysidro port of entry on March 14, 2024, for inspection. He entered with travel authorization and was also paroled into the United States. As with D.R.A., M.A.R.'s current I-94 shows an "Admit Until" date of April 18, 2025, which I similarly understand to mean that his parole status was terminated early. Attached as **Exhibit C** to this declaration is a true and correct copy of M.A.R.'s I-94, last checked on June 9, 2025, with all personally identifiable information redacted. M.A.R. did not receive any notice indicating that his parole would be revoked or terminated.

18. At the same time as his parole, he was issued a Notice to Appear requiring him to appear before the Miami Immigration Court on March 11, 2025. Attached as **Exhibit D** to this declaration is a true and correct copy of M.A.R.'s Notice to Appear with all personally identifiable information redacted. After relocating to California, the client filed a motion

to change venue, which was granted on March 11, 2025, prior to his scheduled hearing. A new hearing date was set for March 28, 2025, before the Santa Ana Immigration Court.

19. After M.A.R. was paroled into the United States, he resided in Florida and then moved to California. He obtained work authorization based on his parole status and has been working as a houseman. On February 28, 2025, he married a U.S. citizen. M.A.R. has no criminal history and has met all obligations under the law. He is also prima facie eligible to adjust his status under the CAA as a result of his parole into the country more than one year ago.

20. M.A.R. has filed an application for adjustment of status. Attached as **Exhibit E** is a true and correct copy of the Form I-797C, Notice of Action, reflecting the biometrics appointment for his I-485 application, which was stamped on April 17, 2025, the date on which he completed his biometrics.

21. On May 28, 2025, M.A.R. attended a scheduled master calendar hearing at the Immigration Court in Santa Ana, California. This was his first master calendar hearing. I did not represent him at this appearance, as he had been handling his immigration matters on his own without issue. However, shortly after this hearing, he was unexpectedly arrested.

22. Prior to the hearing, M.A.R. had filed several pro se motions to terminate proceedings, on February 21, 2025, March 6, 2025, and the most recent on May 23, 2025, seeking to continue his adjustment under the CAA. DHS had opposed these motions.

23. Shortly after the master calendar hearing, DHS filed a written motion to dismiss the case. M.A.R. was never provided a copy of this motion prior to or during the hearing. At no

point did the ICE Trial Attorney inform M.A.R. or the court that dismissal would result in immediate detention or expedited removal.

24. The motion to dismiss was granted during the pendency of our motion to change venue and before we could file a custody redetermination request on his behalf.

25. Immediately after exiting the courtroom, M.A.R. was detained by ICE officers. He was not served with a Form I-860 (Notice and Order of Expedited Removal) at the time of detention or afterward.

26. There is no indication that M.A.R. was referred for a credible fear interview (CFI) prior to the hearing, during the hearing, or since being taken into custody.

27. My belief that M.A.R. is being processed for expedited removal is that he was taken into custody without warning following dismissal of proceedings and has not been issued a new charging document, notice of bond hearing, or any other paperwork indicating that removal proceedings are ongoing. ICE has also failed to provide any formal explanation for his current detention.

28. Based on my 6 years of immigration law practice, this situation is highly irregular. It is not typical practice to detain parolees for expedited removal immediately after dismissal of their removal proceedings without due notice, service of documents, or termination of parole status. This process departs significantly from what I have previously encountered.

29. Although he had previously been placed in Section 240 removal proceedings and was attending court as scheduled, M.A.R. was unexpectedly arrested and processed for expedited removal after appearing at his first master calendar hearing on May 28, 2025. As a result, he was denied the opportunity to fully present his case before an Immigration Judge with the benefit of due process and legal representation. Like many Cuban

nationals who voice opposition or resist state control, he has faced threats, harassment, and retaliation from Cuban authorities. He fears he will be punished if returned, a fear that is credible and well-founded given the Cuban government's documented history of targeting dissidents. M.A.R. is now only able to seek asylum or related protection if he can establish a credible fear during a high-stakes, time-limited interview while in detention, without meaningful access to counsel, community support, or the evidence necessary to support his claim.

30. It is of additional concern that M.A.R. has not yet been given a fear screening or referred to U.S. Citizenship and Immigration Services for a credible fear interview. And to the extent D.R.A. is similarly being detained for expedited removal purposes, it is of concern that she has not yet been given such a fear screening or CFI referral.

31. This abrupt shift to expedited removal proceedings not only deprives respondents of due process but also eliminates the ability of Cuban nationals like D.R.A. and M.A.R. to request practical procedural safeguards available in Section 240 proceedings, such as the use of the status docket, administrative closure, or continuances to allow USCIS sufficient time to adjudicate their adjustment applications under the CAA.

32. Although Cuban nationals in 240 proceedings may not be able to adjust directly before the Immigration Judge, the availability of these procedural tools is essential in facilitating relief through USCIS. The use of the status docket, in particular, was reaffirmed through recent EOIR policy guidance reinstated by Director Sirce Owen.

33. Expedited removal forecloses access to these safeguards entirely, replacing the neutral adjudication process of the immigration court with a swift, opaque process in which no Immigration Judge is involved unless a credible fear is established. M.A.R. has filed an

application for adjustment of status under the CAA. In addition, by virtue of his marriage to a U.S. citizen, he is eligible to file an I-130 Petition for Alien Relative and an I-485 Application to Register Permanent Residence or Adjust Status.

34. Because of the government's new policy or practice of arresting noncitizens—including parolees who are prima facie eligible for immigration relief—in or near immigration court facilities to process them for expedited removal, many of my clients are now afraid to attend court hearings. This has eroded their trust in the legal system and threatens to undermine their due process right to fundamentally fair removal proceedings.

35. Additionally, this new policy or practice further destabilizes vulnerable communities and undermines the statutory scheme Congress enacted to provide pathways to lawful immigration status, including for Cuban nationals under the CAA.

36. I reviewed the contents of this declaration pertaining to D.R.A. over the phone with her and she confirmed that the statements about her immigration history, status, and case are all true and correct to the best of her knowledge. I reviewed the contents of this declaration pertaining to M.A.R. over the phone with him and he confirmed that the statements about his immigration history, status, and case are all true and correct to the best of his knowledge. Because my clients are now detained and I am only able to reach them by phone occasionally, it is not reasonably possible to obtain a signed declaration directly from them.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Santa Ana, California on June 9, 2025.

_Cesar Montoya_
CESAR O. MONTOYA

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

| In removal proceedings under section 240 of the Immigration and Nationality Act: | Event No: ▮▮▮▮▮▮▮▮ |
|---|---|

Subject ID : ▮▮▮▮▮▮  FIN #: ▮▮▮▮▮▮

SIGMA Event: ▮▮▮▮  DOB: ▮▮▮▮▮▮  File No: ▮▮▮▮▮▮▮

In the Matter of: ▮▮▮▮▮▮▮▮▮

Respondent: ▮▮▮▮▮▮▮▮▮ currently residing at:

▮▮▮▮▮▮▮▮▮ Santa Ana,CALIFORNIA 92703,UNITED STATES OF AMERICA  ▮▮▮▮▮▮

(Number, street, city, state and ZIP code)  (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of CUBA and a citizen of CUBA;
3. You applied for admission on 06/28/2024 at CALEXICO, CA, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;
5.     and/or
6. You are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:  [ ] 8CFR 208.30  [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
1241 E DYER RD STE 200,
SANTA ANA, CA, US 92705

*(Complete Address of Immigration Court, including Room Number, if any)*

on December 9, 2024 at 08:30 AM to show why you should not be removed from the United States based on the
  (Date)       (Time)  PEREZ, Jesus D

charge(s) set forth above.       CBP OFFICER

*(Signature and Title of Issuing Officer)*    *Digitally Acquired Signature*

Date: June 28, 2024    Calexico, CALIFORNIA

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589.** Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero,** as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is SPANISH

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.
Before:

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on  June 28, 2024  , in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the  SPANISH  language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

PEREZ, Jesus D
*Digitally Acquired Signature*   CBP OFFICER                              *Digitally Acquired Signature*
*(Signature of Respondent if Personally Served)*        *(Signature and Title of officer)*

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S. Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (6/22) Page 3 of 4

**U.S. Department of Homeland Security**        **Continuation Page for Form** <u>I862</u>

| Alien's Name | File Number ███████ | Date |
|---|---|---|
| ████████████ | SIGMA Event: ██████████ | **June 28, 2024** |
| | Event No: ████████ | |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE
UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
================================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an
immigrant who, at the time of application for admission, is not in possession of a valid
unexpired immigrant visa, reentry permit, border crossing card, or other valid entry
document required by the Act, and a valid unexpired passport, or other suitable travel
document, or document of identity and nationality as required under the regulations issued
by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| PEREZ, Jesus D | CBP OFFICER |

*Digitally Acquired Signature*

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT B

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

 For: ███████████████████



## Most Recent I-94

### Note to employers, local, state or federal agency granting benefits:

Please visit the CBP I-94 Public Website and click on the tab for "Get Most Recent I-94" to perform a search for the applicant to confirm that the biographic and travel information displayed on this I-94 printout matches the "Get Most Recent I-94" returned results for this applicant. I-94 FAQs: (https://i94.cbp.dhs.gov/I94/#/faq)

**Admission I-94 Record Number:** ████████████████

**Arrival/Issued Date:** 2024 June 28

**Class of Admission:** DT

**Admit Until Date:** 2025 April 18

**Details provided on the I-94 Information form:**

**Last/Surname:** ██████████████████

**First (Given) Name:** ████████

**Birth Date:** ██████████████████

**Document Number:** ████████████

**Country of Citizenship:** Cuba

⚑ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

⚑ If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

**Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.**

OMB No. 1651-0111
Expiration Date: 06/30/2025

# EXHIBIT C

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

 For: ████████████████████████



## Most Recent I-94

**Note to employers, local, state or federal agency granting benefits:**
Please visit the CBP I-94 Public Website and click on the tab for "Get Most Recent I-94" to perform a search for the applicant to confirm that the biographic and travel information displayed on this I-94 printout matches the "Get Most Recent I-94" returned results for this applicant. I-94 FAQs: (https://i94.cbp.dhs.gov/I94/#/faq)

**Admission I-94 Record Number:** ████████████

**Arrival/Issued Date:** 2024 March 14

**Class of Admission:** DT

**Admit Until Date:** 2025 April 18

**Details provided on the I-94 Information form:**

**Last/Surname:** ████████████

**First (Given) Name:** ████████

**Birth Date:** ████████████

**Document Number:** ████████

**Country of Citizenship:** Cuba

---

⚐ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

⚐ If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

**Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.**

OMB No. 1651-0111
Expiration Date: 06/30/2025

# EXHIBIT D

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

| In removal proceedings under section 240 of the Immigration and Nationality Act: | Event No: ██████████ |
|---|---|

Subject ID : ██████  FIN #: ██████
SIGMA Event: ██████  DOB: ██████                    File No: ██████
In the Matter of: ████████████

Respondent: ██████████                                        currently residing at:

██████████ HIALEAH,FLORIDA 33010,UNITED STATES OF AMERICA        ██████

(Number, street, city, state and ZIP code)                 (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of Cuba and a citizen of Cuba;
3. On or about March 14, 2024, you applied for admission into the United States from Mexico at the San Ysidro Port of Entry;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
333 S MIAMI AVE STE 700,
MIAMI, FL, US 331301904

(Complete Address of Immigration Court, including Room Number, if any)

on March 11, 2025    at 08:30 AM        to show why you should not be removed from the United States based on the
    (Date)                (Time) REYES, CAR07559

charge(s) set forth above.        CBP OFFICER

                                (Signature and Title of Issuing Officer)
                                                    Digitally Acquired Signature

Date: March 14, 2024        SAN YSIDRO, CALIFORNIA

                                (City and State)

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589.** Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero,** as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

_____
*(Signature and Title of Immigration Officer)*                Date: _____

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on <u>March 14, 2024</u>, in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ **SPANISH** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*Digitally Acquired Signature*
*(Signature of Respondent if Personally Served)*

REYES, CAR07559
CBP OFFICER
*(Signature and Title of officer)*                *Digitally Acquired Signature*

**Privacy Act Statement**

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

U.S. Department of Homeland Security                          Continuation Page for Form  I862

| Alien's Name | File Number ▮▮▮▮▮ | Date |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮ | SIGMA Event: ▮▮▮▮▮ | March 14, 2024 |
| | Event No: ▮▮▮▮▮ | |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE
UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
======================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an
immigrant who, at the time of application for admission, is not in possession of a valid
unexpired immigrant visa, reentry permit, border crossing card, or other valid entry
document required by the Act, and a valid unexpired passport, or other suitable travel
document, or document of identity and nationality as required under the regulations issued
by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| *[signature]*     REYES, CAR07559 | CBP OFFICER |
| *Digitally Acquired Signature* | |

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT E

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | CASE TYPE<br>I485 - APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | NOTICE DATE<br>03/27/2025 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER | | USCIS A#<br>▇▇▇▇ | CODE<br>3 |
| ACCOUNT NUMBER | TCR | SERVICE CENTER<br>NBC | PAGE<br>1 of 2 |

▇▇▇▇

INDIO CA 92201

PROCESSING STAMP

ASC SITE CODE        XLI
BIOMETRICS QA REVIEW BY:
_60007 00_ ON APR 17 2025
TENPRINTS QA REVIEW BY: APR 17 2025
_60800_ ON

**READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the Application Support Center (ASC) at the date and time specified.
**TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT,** SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF YOU FAIL TO APPEAR AS SCHEDULED, USCIS WILL CONSIDER YOUR BENEFIT REQUEST ABANDONED AND IT MAY BE DENIED.

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS RIVERSIDE | 04/17/2025 |
| 3812 La Sierra Avenue | 11:00AM |
| Riverside CA 92505 | |

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE.** If you received multiple ASC notices, bring **all** notices to your first appointment, and
2. **PHOTO IDENTIFICATION.** You must bring a valid government-issued photo identification. If the name on your identification is different than the name on your ASC notice, bring supporting documents. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

If you are sick, do not visit a USCIS office, follow the instructions on this notice to reschedule your appointment. If you have injuries that may interfere with your biometrics submission, USCIS may reschedule your appointment.

Cell phones or electronic devices must be turned off during biometrics submission. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

**NOTE:** If an ASC closes due to weather or other reasons, USCIS will automatically reschedule your appointment for the next available date and time and you will receive a new ASC appointment notice. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment.

You must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or for any purpose authorized by the Immigration and Nationality Act.

You may obtain a copy of your FBI record using the procedures outlined in 28 C.F.R. 16.32. Visit https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/identity-history-summary-checks for more information. For Privacy Act information, please visit https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/compact-council/privacy-act-statement.

If you cannot attend your scheduled appointment, you may request to reschedule at https://my.uscis.gov/accounts/biometrics/overview or by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). You must make your request before the date and time of the original appointment, and you must establish good cause for rescheduling. If you fail to make a request before your scheduled appointment or fail to establish good cause, and you do not appear at your appointment, USCIS may consider your application, petition, or request abandoned and, as a result, it may be denied. For more information about rescheduling, see https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

If you cannot leave your home/hospital due to a serious ongoing medical condition, you may request a mobile biometrics appointment by following the instructions on the back of this notice under "Notice for People with Disabilities," or by visiting uscis.gov/accommodations.

**If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.**

See the back of this notice for important information.                    Form I-797C    10/13/21