## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>    *Plaintiffs,*<br><br>    *v.*<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    *Defendants.* | Case No.: 1:25-cv-0872 |

## DECLARATION OF JESSICA OLIVE

I, Jessica Olive, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am a supervising attorney at UnLocal, Inc., a community-based non-profit providing direct legal services to New York's immigrant communities. I am an attorney in good standing with the State Bar of New York, with nearly five years of experience. My practice focuses on representing immigrants seeking humanitarian relief, both through affirmative applications and in defensive proceedings. I now represent E.M.P., who was paroled into the United States at a port of entry in 2023 and is now being processed for expedited removal. E.M.P. is a member of CASA.

3. E.M.P. is a national of Venezuela who presented for inspection at the San Ysidro Port of Entry on December 12, 2023. Well before arriving at the port, E.M.P. had secured an appointment using the CBP One application, and following inspection he was granted parole through December 9, 2025. At the same time, he was issued a Notice to Appear that required him to appear for an initial master calendar hearing in Las Vegas, Nevada on

February 6, 2025. Attached as Exhibit A to this declaration is a true and correct copy of E.M.P.'s Notice to Appear with all personally identifiable information redacted.

4. After he was paroled into the United States, E.M.P. resided in Mesquite, Nevada for six months before moving to Manhattan and then the Bronx, New York. E.M.P. obtained work authorization based on his parole status and was working to support himself and his family.

5. On November 6, 2024, E.M.P. filed a form I-589 Application for Asylum and Withholding of Removal with the court and without legal representation. On February 6, 2025, E.M.P. appeared pro se for his initial master calendar hearing in Las Vegas, Nevada. Because E.M.P. had relocated to New York by that point, the Immigration Judge changed venue to New York.

6. On May 21, 2025, E.M.P. appeared at the New York Broadway Immigration Court at 290 Broadway pro se for his second master calendar hearing. At the hearing, the attorney representing the Department of Homeland Security (DHS) moved to dismiss E.M.P.'s case. Some of the conversation between the immigration judge and the DHS attorney took place in English and were not translated into Spanish for E.M.P. The immigration judge, Edward Grogan, ordered dismissal and advised E.M.P. to apply for asylum affirmatively with U.S. Citizenship and Immigration Services (USCIS) if he wanted to continue his asylum claim. Attached as Exhibit B to this declaration is a true and correct copy of the immigration judge's dismissal order with all personally identifiable information redacted. It was not made clear to E.M.P. that following dismissal the government would take steps to place him in expedited removal and foreclose his ability to apply for asylum affirmatively with USCIS.

7. After the case was dismissed, three plainclothes officers followed E.M.P. to the elevator to exit the building. Upon arriving in the lobby, he was approached by other plainclothes officers who identified him and detained him. He was placed in an unmarked car with other individuals and moved around to various locations.

8. Had the immigration judge understood that DHS only moved to dismiss proceedings so that E.M.P. could be detained and processed for expedited removal, it seems likely that Judge Grogan would not have advised E.M.P. to apply for asylum affirmatively, because that became unavailable to him once he was arrested and placed in expedited removal proceedings.

9. During his detention, E.M.P. expressed a fear of returning to Venezuela and is now housed at Moshannon Valley Processing Center in Pennsylvania awaiting a credible fear interview (CFI) according to an email sent to me from a Deportation Officer when E.M.P. was in transit between facilities. Attached as Exhibit C to this declaration is a true and correct copy of the email with all personally identifiable information redacted. I do not believe E.M.P. has been told anything about being processed for expedited removal, nor has he been issued any documentation regarding expedited removal, including an I-860, Notice and Order of Expedited Removal.

10. After his last hearing, E.M.P. should have been able to return home and gather evidence in support of his claim with the help of his community. Instead, he is now detained in a location far away, unable to regularly communicate with his attorney and loved ones. E.M.P. was actively pursuing his asylum claim when that process was abruptly taken from him. Forcing him into the CFI process is not an adequate substitute, as it offers substantially fewer legal protections. By placing C.M.P. in expedited removal proceedings, the

government effectively denied him his due process rights. Additionally, E.M.P., who is HIV+, went days without his life-saving medication because of his detention. In the limited conversations I have had with E.M.P., he has indicated that his mental health is deteriorating rapidly. He has trouble sleeping and is debilitated by intrusive thoughts and fears about being returned to Venezuela at a moment's notice.

11. Even if E.M.P. were to pass his credible fear interview, returning him to removal proceedings does not restore the position he was in before. The damage has already been done. He now faces the asylum process with greater fear and uncertainty, knowing that the system meant to protect him can change course without warning. This disruption has not only undermined his legal rights but has also deepened his trauma, as he lives with the constant threat that the rules may once again shift beneath him.

12. I have reviewed the contents of this declaration with E.M.P. over a phone call, and he has confirmed that all statements about his immigration history, immigration status, and immigration case are true and correct to the best of his knowledge. It is not feasible for E.M.P. to prepare his own signed declaration, because he is in immigration detention and I am only able to speak to him occasionally by phone. I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in New York, New York on June 5, 2025

_____

Jessica Olive, Esq.

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

| In removal proceedings under section 240 of the Immigration and Nationality Act: | Event No: |
|---|---|
| Subject ID : ▊ FIN #: ▊ | |
| SIGMA Event: ▊ DOB: ▊ | File No: ▊ |
| In the Matter of: ▊ | |

| Respondent: ▊ | currently residing at: |
|---|---|
| ▊ ,MESQUITE,NEVADA 89027,UNITED STATES OF AMERICA | ▊ |
| (Number, street, city, state and ZIP code) | (Area code and phone number) |

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA;
3. You applied for admission on 12/12/2023 at SAN YSIDRO, CA, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:   [ ] 8CFR 208.30   [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
110 N CITY PKWY STE 400,
LAS VEGAS, NV, US 89106

*(Complete Address of Immigration Court, including Room Number, if any)*

| on February 6, 2025 at 01:00 PM | to show why you should not be removed from the United States based on the |
|---|---|
| *(Date)* | *(Time)* FLOURNOY, Markeith A |

| charge(s) set forth above. | CBP OFFICER | |
|---|---|---|
| | *(Signature and Title of Issuing Officer)* | *Digitally Acquired Signature* |

| Date: December 12, 2023 | SAN YSIDRO, CALIFORNIA |
|---|---|
| | *(City and State)* |

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/I-589.** Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero,** as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on <u>December 12, 2023</u>, in the following manner and in compliance with section 239(a)(1) of the Act.

| | | |
|---|---|---|
| [x] in person | ☐ by certified mail, returned receipt # _____ requested | ☐ by regular mail |
| ☐ Attached is a credible fear worksheet. | | |
| [x] Attached is a list of organization and attorneys which provide free legal services. | | |

The alien was provided oral notice in the _____ **SPANISH** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**FLOURNOY, Markeith A**

_____
*Digitally Acquired Signature*
*(Signature of Respondent if Personally Served)*

**CBP OFFICER**
*Digitally Acquired Signature*
*(Signature and Title of officer)*

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S. Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

**U.S. Department of Homeland Security**

**Continuation Page for Form** _I862_

| Alien's Name | File Number | Date |
|---|---|---|
| | SIGMA Event: | December 12, 2023 |
| | Event No: | |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE
UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
=================================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an
immigrant who, at the time of application for admission, is not in possession of a valid
unexpired immigrant visa, reentry permit, border crossing card, or other valid entry
document required by the Act, and a valid unexpired passport, or other suitable travel
document, or document of identity and nationality as required under the regulations issued
by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| FLOURNOY, Markeith A | CBP OFFICER |

*Digitally Acquired Signature*

**4** of **4** Pages

Form I-831 Continuation Page (Rev. 08/01/07)
Exh. 1 - Adm.

# EXHIBIT B

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**NEW YORK - BROADWAY IMMIGRATION**
**COURT**

Respondent Name:

█████████████████████████

To:

█████████████████████████

████████████████████

████████

BRONX, NY 10453

A-Number:

███████████

Riders:

In Removal Proceedings

Initiated by the Department of Homeland Security

Date:

05/21/2025

## ORDER ON MOTION TO DISMISS

☐ The Respondent  ☑ the Department of Homeland Security  ☐ the parties jointly has/have filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given notice of the motion to the non-moving party and the court has provided the non-moving party with an opportunity to respond. The motion is  ☐ opposed  ☑ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to dismiss is:

☑ Granted without prejudice
☐ Denied

Further explanation:

Respondent filed I-589 with Court on 11/6/2024 according to the docket.  Respondent advised to present I-589 to CIS at 26 Federal Plaza in the event that he wished to continue his asylum claim.

IT IS SO ORDERED.

Immigration Judge: Grogan, Edward 05/21/2025

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ P ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name :████████████████████ A-Number :████████

Riders:

Date: 05/21/2025 By: Correa, Jennifer, Court Staff

# EXHIBIT C

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



UnLocal

Jessica Olive <jessica@unlocal.org>

## *Urgent* A███████

**Dawson, Khristopher** <Khristopher.Dawson@ice.dhs.gov>     Thu, May 22, 2025 at 7:58 AM
To: "Pujol, Joseph T" <Joseph.T.Pujol@ice.dhs.gov>, "jessica@unlocal.org" <jessica@unlocal.org>

Good morning,

Your client has filed an M-444 for his fear claim and housing will be assigned soon. Please use the https://locator.ice.gov/odls/#/search to locator your client.

Khristopher Dawson

Supervisory Detention and Deportation Officer, Detained Docket Unit

New York Field Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

Cell: 646 938-5542  Desk: 212 863-3497

**From:** NYCEROAttorneyInquiries, <NYCEROAttorneyInquiries@ice.dhs.gov>
**Sent:** Thursday, May 22, 2025 7:36 AM
**To:** Pujol, Joseph T <Joseph.T.Pujol@ice.dhs.gov>; Dawson, Khristopher <Khristopher.Dawson@ice.dhs.gov>
**Cc:** NYCEROAttorneyInquiries, <NYCEROAttorneyInquiries@ice.dhs.gov>
**Subject:** FW: *Urgent* A:███████

Greetings,

Please see email below and respond to it accordingly copying the NYCEROATTORNEYINQUIRIES Mailbox and also by taking appropriate action (updating EARM/DHS Portal/etc.) If this case does not fall within your docket, kindly forward to the proper Deportation Officer copying also this mailbox.

████████████

Thank you,

NYC ERO Attorney Inquiries

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Jessica Olive <jessica@unlocal.org>
**Sent:** Wednesday, May 21, 2025 6:44 PM
**To:** NYCEROAttorneyInquiries, <NYCEROAttorneyInquiries@ice.dhs.gov>; ERO.INFO <ERO.INFO@ice.dhs.gov>
**Subject:** *Urgent* A███████

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good evening,
[Quoted text hidden]
[Quoted text hidden]