UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>*Defendants.* | Case No.: 1:25-cv-0872 |

**DECLARATION OF MING TANIGAWA-LAU**

I, Ming Tanigawa-Lau, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am a staff attorney at Immigrant Defenders Law Center ("ImmDef"), and I am an attorney in good standing of the State Bar of California. I have been practicing law for three and a half years, focusing on issues in immigration law and federal litigation. For the last year, I have solely focused on immigration deportation defense for minors and adults in Southern California.

3. On May 27, 2025, I was assigned to provide pro bono assistance to R.A.U.P., an individual who was paroled into the United States at a port of entry in 2024 and has now been placed in expedited removal proceedings. My supervisor at ImmDef told me that R.A.U.P. had been detained at his court hearing on May 23, 2025, and transferred to the Northwest Detention Center in Tacoma, Washington.

4. That same day, on May 27, 2025, I called the Northwest Detention Center to inquire about speaking with R.A.U.P. I was told that I could leave a message for him with my phone number, and that he could choose to call me back at any time of the day or night. I left my phone number with the agent. In my experience, this was a highly unusual system for setting up attorney calls, which normally involves emailing a dedicated email address to coordinate a specific meeting time with a client.

5. Later that day, I received a call from R.A.U.P. He told me that he was paying for the call and that he only had ten minutes to speak with me. There were voices in the background, and he said it was noisy where he was calling from. I was surprised by this because I know that ICE standards require detainees to be provided with private consultation rooms for their attorney calls. I also know that ICE standards require that facilities permit detainees to make free calls to engage in legal consultation. In my experience, a client has never had to call me from a public phone using their own phone credits.

6. I was able to schedule a private attorney call with R.A.U.P. on June 4, 2025. R.A.U.P. told me that he entered the United States in September 2024 through the San Ysidro Port of Entry, with an appointment made through the CBP One application. He was inspected and granted parole into the country until September 2026, and he was also given a Notice to Appear with an immigration court hearing date. Attached as Exhibit A to this declaration is a true and correct copy of the Notice of Appear ("NTA"), dated September 6, 2024, that R.A.U.P. received with all personally identifiable information redacted. The September 6 NTA ordered R.A.U.P. to appear at a Master Calendar Hearing on March 21, 2025. Unfortunately, R.A.U.P. told me that he contracted COVID three days prior to his hearing and was unable to appear. At the March 21 hearing, the immigration judge issued

him an in absentia removal order, but after submitting evidence of his doctor's visit and a Motion to Reopen, R.A.U.P. was able to have his case reopened. R.A.U.P. received a new hearing notice, scheduling his first Master Calendar Hearing for May 23, 2025. Attached as Exhibit B to this declaration is a true and correct copy of the Notice of In-Person Hearing, dated April 16, 2025, that R.A.U.P. received with all personally identifiable information redacted. As instructed, R.A.U.P. attended his first Master Calendar Hearing on May 23, 2025, but that day his case was dismissed on motion by the Department of Homeland Security attorney and he was detained shortly after and placed in expedited removal proceedings.

7. R.A.U.P. told me that after his arrest by ICE, he was taken to the ICE processing center in Los Angeles, where they asked him about whether he had any links to gangs in Venezuela or elsewhere. R.A.U.P. said he refused to answer any questions without an attorney. They then sent him to a prison in Glendale, where he spent the night. Per R.A.U.P., the next day, they told him that they were going to take him to a detention center in Washington, where he would stay for three or four days, before being deported to Venezuela. R.A.U.P. told me that on May 24, 2025, they took him to the Northwest Detention Center. He said that since then, no one has told him anything about his case or what would happen to him.

8. On our call, R.A.U.P. sounded angry, confused, and desperate. He told me that while he had previously planned on submitting a claim for asylum, he now feared that the system would not protect him even if he did have a legitimate asylum case. He expressed that not being given any information about what was going to happen to him or when he might be deported or transferred was enormously difficult and frustrating.

9. R.A.U.P. was preparing to file an application for asylum when he went to his Master Calendar Hearing on May 23. He should have a meaningful opportunity to present his claim for asylum before an immigration judge, but because he has now been placed in expedited removal, he will not be able to present his asylum claim unless immigration officials refer him for a Credible Fear Interview and at that interview determine that he has established a credible fear of persecution.

10. Because he is in detention, R.A.U.P.'s ability to communicate with counsel is significantly diminished. It took me a week of emailing and calling the Northwest Detention Center to finally schedule an ordinary attorney call with R.A.U.P. for June 4, 2025. The delay in being able to have an extended consultation with R.A.U.P. meant I could not gather crucial information from R.A.U.P. or meaningfully assess his immigration options.

11. Furthermore, placing R.A.U.P. in expedited removal proceedings makes it significantly more difficult for him to gather evidence and prepare his asylum application, which he must submit by September 2025 in order to comply with his statutory One Year Filing Deadline. Instead of allowing him time to prepare his application, as he expected, DHS has forced R.A.U.P. to essentially re-initiate his claim for asylum by asserting his fear of return, proceeding with a Credible Fear Interview, and hopefully being placed once again in removal proceedings, all while in detention. This is deeply troubling to me, given that R.A.U.P. applied for and received a CBP One appointment to come to a port of entry, was inspected and paroled into the U.S., complied with his obligations to appear at court, and was preparing his legitimate application for asylum.

12. Because R.A.U.P. is detained in Washington and I am only able to reach him by phone occasionally, it is not reasonably feasible to obtain a signed declaration directly from him. I reviewed the contents of this declaration over the phone with him and he confirmed that the statements about his immigration history, status, and case are all true and correct to the best of his knowledge.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Los Angeles, California on June 4, 2025.

_____
Ming Tanigawa-Lau

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

**DEPARTMENT OF HOMELAND SECURITY**
**NOTICE TO APPEAR**

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: ▓▓▓▓▓▓  FIN #: ▓▓▓▓▓▓  Event No: ▓▓▓▓▓▓
SIGMA Event: ▓▓▓▓▓▓  DOB: ▓▓▓▓▓▓  File No: ▓▓▓▓▓▓
In the Matter of:

Respondent: ▓▓▓▓▓▓ _____ currently residing at:

Los Angeles, CALIFORNIA 91605, UNITED STATES OF AMERICA  ▓▓▓▓▓▓
(Number, street, city, state and ZIP code)    (Area code and phone number)

[x] You are an arriving alien.
[ ] You are an alien present in the United States who has not been admitted or paroled.
[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA;
3. You applied for admission on 09/06/2024 at SAN YSIDRO, CA, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:   [ ] 8CFR 208.30   [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
300 N LOS ANGELES ST RM 4330,
LOS ANGELES, CA, US 90012
(Complete Address of Immigration Court, including Room Number, if any)

on March 21, 2025     at 01:00 PM     to show why you should not be removed from the United States based on the
(Date)                (Time)  CUEN, Jose
charge(s) set forth above.     CBP OFFICER
                               (Signature and Title of Issuing Officer)     Digitally Acquired Signature
Date: September 6, 2024     SAN YSIDRO, CALIFORNIA
                             (City and State)

DHS Form I-862 (6/22)

Page 1 of 4

## Notice to Respondent

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of actual entry bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive Locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is SPANISH

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an Immigration judge and request

Before: _____   _____
(Signature and Title of Immigration Officer)   (Signature of Respondent)

Date: _____

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on **September 6, 2024** in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail

[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

CUEN, Jose
CBP OFFICER

(Signature of Respondent if Personally Served)   (Signature and Title of officer)

DHS Form I-862 (6/22)   Page 2 of 4

# EXHIBIT B

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LOS ANGELES IMMIGRATION COURT

LEAD FILE: ▉▉▉▉▉▉
IN REMOVAL PROCEEDINGS
DATE: Apr 16, 2025

TO: ▉▉▉▉▉▉
▉▉▉▉▉▉
NORTH HOLLYWOOD, CA 91605

RE: ▉▉▉▉▉▉

## Notice of In-Person Hearing

Your case has been scheduled for a MASTER hearing before the Immigration court on:

Date:          May 23, 2025
Time:          1:00 P.M. PT
Court Address: 300 N. LOS ANGELES ST.
               8TH FLOOR, COURTROOM 5, LOS ANGELES, CA 90012

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case. Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court. If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days. To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based

hearing, you will appear by video or telephone. If you prefer an in-person hearing at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call 1-800-898-7180 (toll-free) or 304-625-2050.

The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO: [ x ] Noncitizen  [ ] Noncitizen c/o Custodial Officer
    [ ] Noncitizen ATT/REP  [ p ] DHS
DATE: ____04/16/2025____  BY: COURT STAFF ____ldelacruz____
Attachments:[ ] EOIR-33  [ ] Appeal Packet  [ ] Legal Services List  [ ] Other  NB

| | |
|---|---|
| Use a smartphone's camera to scan the code on this page to read the notice online. | सुझाव अनलाइनमा पढ्न यस पृष्ठ कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्। |
| Use la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea. | Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt. |
| Use a câmara do smartphone para digitalizar o código neste página e ler o manual de Instruções online. | استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت. |
| 使用智能手机摄像头从扫描本页面的代码，即可在线阅读该通知。 | Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона. |
| | Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne. |