UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

    *Plaintiffs,*

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,

    *Defendants.*

Case No.: 1:25-cv-0872

### DECLARATION OF ATTORNEY SABRINA PEREZ-ARLEO

I, Sabrina Perez-Arleo, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an attorney at Perez Law Office, PLLC, and I am an attorney in good standing of the State Bar of Arizona. I represent 1 client, G.C.M., who was paroled into the United States at a port of entry and has been targeted with and processed for expedited removal.

3. G.C.M. is a national of Peru who presented at the Brownsville, Texas port of entry for a CBP One appointment on December 11, 2024, for inspection. After inspection, G.C.M. was paroled into the country and granted parole status until 2026. At the same time, he was issued a Notice to Appear with an immigration court hearing date. Attached as Exhibit A to this declaration is a true and correct copy of G.C.M.'s Notice to Appear with all personally identifiable information redacted.

4. After G.C.M. was paroled into the United States, G.C.M. resided in Arizona with family.

5. G.C.M. was scheduled to appear for a first master calendar hearing on June 17, 2026, after the anticipated expiration of G.C.M.'s parole status. G.C.M. was preparing to file his affirmative asylum application with the assistance of counsel.

6. On March 21, 2025, G.C.M. was detained by Immigration and Customs Enforcement ("ICE") after a traffic stop. G.C.M. was processed into the Eloy Detention Center in Eloy, Arizona, and he remains detained there to this day. G.C.M. had valid parole status at the time of detention. Based upon my review of the record of proceedings, it appears that, on March 28, 2025, ICE filed a form I-830 Notice with the Court, which informs the Court of an individual's address and whether he is detained. Although the Form I-830 indicated that a motion was attached, there is no motion in the record of proceedings, and one does not appear to have been filed.

7. On April 3, 2025, when G.C.M. was still detained and unrepresented by counsel, the attorney representing the Department of Homeland Security ("DHS") filed a motion to dismiss proceedings without prejudice. The motion stated as its basis that the Notice to Appear had been "improvidently" issued. Attached as Exhibit B to this declaration is a true and correct copy of DHS's motion with all personally identifiable information redacted. That same day, the Immigration Judge granted the DHS motion to dismiss. Attached as Exhibit C to this declaration is a true and correct copy of the Immigration Judge's order, dated the same day, granting the DHS motion to dismiss. DHS did not seek out or include G.C.M.'s position on the motion. G.C.M. was not provided with an opportunity to respond to the motion filed by DHS.

8. On April 6, 2025, three days after the Court granted the DHS motion to dismiss, G.C.M.'s parole status was revoked.

9. On April 7, 2025, G.C.M. retained me to represent him. G.C.M. was not previously represented by counsel. I filed my G-28 Notice of Representation with ICE, and ICE was aware that G.C.M. was represented by counsel.

10. On April 23, 2025, G.C.M. was interviewed by a U.S. Citizenship and Immigration Services officer for a Credible Fear Interview ("CFI"). On April 20, 2025, Friday morning at about 7:00am MST, I was contacted by an asylum officer. The officer informed me that G.C.M. was about to have a CFI and asked if I wanted to be on the call. I was not able to be on the call because I had an appointment to get to, and I asked the officer to reschedule the call. After much pushback from the asylum officer, the officer obtained authorization from his supervisor to continue the interview, because I insisted that I wanted to be present. On Monday, April 23, 2025, I received another phone call from USCIS. This time, it was a different officer. It was early morning, and I did not receive any notification about this interview and was not available to participate in the call at that time as I was out of my office. The officer told me that she would conduct another CFI before G.C.M.'s CFI, and she would call me back after that interview. I was told that the interviews are not rescheduled unless there were "special circumstances" to warrant rescheduling the interview. I had not received the evidence, and I did not have sufficient time to properly prepare for G.C.M.'s CFI. About two hours later, I was in my office, and I received a call back from the asylum officer to conduct the CFI with G.C.M. I could hear that G.C.M. was very nervous during his CFI—he could not remember dates or details well. G.C.M. received a negative CFI determination. I did not receive the negative CFI determination myself, and I have not seen the determination myself, but my client told me that he was told that his CFI was denied. G.C.M. informed me that a judge

reviewed his CFI determination and upheld the negative CFI. I did not receive any hearing notification of that hearing and was not present. Communication with G.C.M. has been difficult, because he does not have funds to make calls, the detention center is very far from my office, and it takes me over an hour to get to Eloy Detention Center.

11. On May 5, 2025, I filed G.C.M.'s appeal with the Board of Immigration Appeals appealing the Court's dismissal of his removal proceedings. G.C.M.'s brief was filed by me on June 2, 2025, and the appeal remains pending.

12. G.C.M. is afraid to return to Peru, but because he has been processed for expedited removal and he was issued a negative CFI finding, he is now unable to present his asylum claim for which he is eligible unless his appeal is successful. G.C.M. is not eligible for other forms of relief. Before, when he was in regular removal proceedings, he would have been able to request asylum as a form of relief from removal, and he would have been able to present that claim to an immigration judge for adjudication on the merits. In removal proceedings, G.C.M. could present expert testimony, and he would have time to obtain evidence. He also would have been able to prepare his claim with his family and counsel, instead of being detained, which creates significant challenges for communication, access to counsel and other resources. G.C.M. did not expect to have a hearing in his case until June 17, 2026, and he was not prepared for the expedited removal proceedings initiated against him. Also, I am unable to have much contact with G.C.M., and it is difficult to work with him while he is in detention. For example, the last time I visited him, he did not have any of his documentation with him, because he said he had been brought in from outside and did not have access to those documents. Relying on G.C.M.'s account without reviewing his documentation makes it challenging,

because he does not understand English, and he does not have any experience with the legal process.

13. I have reviewed the contents of this declaration with G.C.M. by phone, and he has confirmed that all statements about his immigration history, immigration status, and immigration case are true and correct to the best of his knowledge. It is not feasible for G.C.M. to prepare his own signed declaration, because he is in immigration detention and I have only been able to review the documents filed with the Court, he does not call me often, and I am not able to visit him often at the detention center.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Chandler, AZ on 06/04/2025

Sabrina Perez-Arleo, Esq.

JOHN ESPARZA
NOTARY PUBLIC - ARIZONA
Maricopa County
Commission # 685954
My Commission Expires
April 27, 2028

Subscribed and sworn before me this ___5___ day of ___June, 2025___.

Notary Public

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Event No: ▮▮▮▮▮▮▮▮

Subject ID: ▮▮▮▮▮▮   FIN #: ▮▮▮▮▮▮
SIGMA Event: ▮▮▮▮▮   DOB: ▮▮▮▮▮▮

File No: ▮▮▮▮▮▮▮

In the Matter of: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Respondent: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ _____ currently residing at:

▮▮▮▮▮▮▮▮▮▮ Cottonwood, ARIZONA 86326, UNITED STATES OF AMERICA    ▮▮▮▮▮▮▮▮▮▮
(Number, street, city, state and ZIP code)    (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

**The Department of Homeland Security alleges that you:**
1. You are not a citizen or national of the United States;
2. You are a native of PERU and a citizen of PERU;
3. On or about December 11, 2024, you applied for admission to the United States at the Brownsville, Texas Port of Entry;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:
250 N 7TH AVE STE 300,
PHOENIX, AZ, US 85007
(Complete Address of Immigration Court, including Room Number, if any)

on June 17, 2026 at 08:30 AM to show why you should not be removed from the United States based on the
   (Date)         (Time)    VICENCIO, Marisol
charge(s) set forth above.    CBP OFFICER                                    *M Vicencio*
                              (Signature and Title of Issuing Officer)   Digitally Acquired Signature

Date: December 11, 2024    BROWNSVILLE, TEXAS
                           (City and State)

EOIR - 1 of 4

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is SPANISH

---

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.
Before:

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of Immigration Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on December 11, 2024, in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

| | VICENCIO, Marisol | |
| _Digitally Acquired Signature_ | CBP OFFICER | _Digitally Acquired Signature_ |
| (Signature of Respondent if Personally Served) | | (Signature and Title of officer) |

DHS Form I-862 (6/22)                                                                                                       Page 2 of 4

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

| U.S. Department of Homeland Security | Continuation Page for Form I-862 |
|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| ███████████████ | SIGMA Event: ███████<br>Event No: ███████ | December 11, 2024 |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
====================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| *N Vicencio*     VICENCIO, Marisol | CBP OFFICER |
| Digitally Acquired Signature | |

__4__ of __4__ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT B

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

orina lmeida **DETAINED**
hief ounsel

Briana . Rodriguez
 ssistant hief ounsel
U.S. mmigration and ustoms Enforcement
U.S. Department of omeland Security
1705 E. anna d.
Eloy Z 85131

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**PHOENIX, ARIZONA**

| | |
|---|---|
| n the Matter of: ) | |
| ) | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮ ) | File No.: ▮▮▮▮▮▮ |
| ) | |
| n removal proceedings ) | |
| ) | |

 mmigration Judge: abich Paul Next earing: 6/17/2026

**DEPARTMENT OF HOMELAND SECURITY**
**MOTION TO DISMISS WITHOUT PREJUDICE**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
PHOENIX, ARIZONA

|  |  |
|---|---|
| In the Matter of: ) <br> ) <br> ███████████ ) <br> ) <br> In removal proceedings ) <br> ) | File No.: ███████ |

**DEPARTMENT OF HOMELAND SECURITY**
**MOTION TO DISMISS WITHOUT PREJUDICE**

Pursuant to 8 C.F.R. § 1239.2(c) and 8 C.F.R. § 239.2(a)(6), the Department of Homeland Security (the Department) hereby moves to dismiss, without prejudice, the removal proceedings on the Notice to Appear (NTA) issued on or about December 11, 2024, because the NTA was improvidently issued.

Respectfully submitted this 3rd day of April 2025.

BRIANA A RODRIGUEZ
Digitally signed by BRIANA A RODRIGUEZ
Date: 2025.04.03 09:23:16 -07'00'

Briana A. Rodriguez
Assistant Chief Counsel

Corina Almeida
Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## CERTIFICATE OF SERVICE

hereby certify that this Department of omeland Security Motion to Dismiss Without Prejudice and any attached documents was/were served upon the respondent (or his/her representative):

☒ by placing a true copy in a sealed envelope into the inter/intra-office mail at 1705 E. anna d. Eloy Z 85131 to the address set forth below:

███████████████████

EL      Z 85131

Date: April 3, 2025

BRIANA A RODRIGUEZ
*Digitally signed by BRIANA A RODRIGUEZ*
*Date: 2025.04.03 09:23:39 -07'00'*

_____
ssistant hief ounsel

3

# EXHIBIT C

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
PHOENIX IMMIGRATION COURT

Respondent Name:

To:

ELOY, AZ 85131

A-Number:

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
04/03/2025

## ORDER ON MOTION TO DISMISS

☐ The Respondent ☑ the Department of Homeland Security ☐ the parties jointly has/have filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given notice of the motion to the non-moving party and the court has provided the non-moving party with an opportunity to respond. The motion is ☐ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to dismiss is:

☑ Granted without prejudice
☐ Denied

Further explanation:

To ensure that the proceeding is not prolonged, or that the Respondent possibly expends resources to obtain counsel, the Court grants the Department's motion prior to receiving the Respondent's position. The Court finds that the Department's motion has been filed prior to the Respondent's initial hearing and having obtained counsel. Thus, given this early stage in removal proceedings, the Court finds that the Respondent is not prejudiced by dismissal. Matter of G-N-C-, 22 I&N Dec. 281, 284-85 (BIA 1998).

IT IS SO ORDERED.

Immigration Judge: HABICH, PAUL 04/03/2025

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ M ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓   A-Number : ▓▓▓▓▓▓
Riders:
Date: 04/04/2025 By: STROH, BELEN, Court Staff