## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*, <br><br>     *Plaintiffs,* <br><br>     *v.* <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br>     *Defendants.* | Case No.: 1:25-cv-0872 |

## DECLARATION OF SARAH T. GILLMAN, ESQ.

I, Sarah T. Gillman, Esq, declare under penalty of perjury under the laws of the United States of America:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an attorney and currently hold the position of Director of Strategic U.S. Litigation, U.S. Advocacy & Litigation, Robert F. Kennedy Human Rights (RFK Human Rights). I previously held the position of Legal Director of Rapid Defense Network (RDN). Prior to that, I was a Supervising Attorney with The Legal Aid Society's Immigration Law Unit, where I was responsible for the supervision of a staff of attorneys and paralegals in the Society's New York Immigrant Family Unity Project ("NYIFUP"). Prior to that, I served as a Staff Attorney with The Legal Aid Society's Immigration Law Unit. I have also held positions with the New York University School of Law (NYU), Immigrant Rights Clinic (IRC). From 2012-2014, I held the position of Adjunct Professor of Clinical Law and in the Summer of 2019 and Summer of 2021, I was a Summer Cooperating Attorney. I have been representing individuals who are detained

and facing deportation from the United States for seventeen (17) years with a specific focus on detention and removal defense.

3. RFK Human Rights currently represents a client, J.M.A., who was paroled into the United States at a port of entry and was nearly two years later processed for expedited removal. J.M.A. is a national of Cuba who used the Department of Homeland Security's CBP One mobile application in 2023 to schedule an appointment to present at a port of entry for inspection. On June 9, 2023, the day of his appointment, J.M.A. came to the Calexico port of entry along the U.S.-Mexico border, was inspected by a U.S. Customs and Border Protection officer and was paroled into the country.

4. Following his parole into the United States, the Department of Homeland Security (DHS) commenced removal proceedings against J.M.A. However, because he is a Cuban national whose parole into the United States made him eligible to apply for lawful permanent resident (LPR) status through the Cuban Adjustment Act (CAA) after one year in the country, removal proceedings were terminated without prejudice to allow for USCIS to adjudicate the CAA application. After that, J.M.A. applied for and received an employment authorization document (EAD), found a job, and became a trusted and valued employee at his company.

5. In February 2025, J.M.A. was detained by DHS after he was arrested by local police and charged with petit larceny—a charge that he has denied and has not yet led to any conviction. While J.M.A. was shopping in a store with a friend, a security guard alleged that J.M.A. and his friend were stealing items. While both denied the allegations and explained that they were shopping, the security guard called the local police and J.M.A. and his friend were arrested. Thereafter, the local police contacted immigration authorities.

6. On or about February 9, 2025, J.M.A. was detained by immigration authorities and once more placed in removal proceedings. On March 25, 2025, J.M.A. appeared *pro se* for a master calendar hearing while in detention at the Buffalo Federal Detention Facility (BFDF). Prior to the March 25, 2025, hearing date, an attorney for DHS filed a written motion to terminate removal proceedings and that motion was granted by the Immigration Judge at the March 25 hearing. Attached as Exhibits A, B, and C to this declaration, respectively, are true and correct copies of DHS's motion to dismiss, the immigration judge's decision, and the transcript of the March 25 hearing with all personally identifiable information redacted.

7. Thereafter the client was placed in expedited removal proceedings on March 26, 2025, and referred for a credible fear interview that took place on March 31, 2025. Although the asylum officer found J.M.A.'s responses credible, he issued a negative credible fear determination. J.M.A. requested a review of the asylum officer's negative credible fear determination before the Immigration Judge.

8. On April 3, 2025, RFK Human Rights entered an appearance on behalf of J.M.A. RFK Human Rights filed an appeal with the Board of Immigration Appeals (BIA) of the Immigration Judge's decision granting the DHS's motion to terminate removal proceedings and prepared a submission in support of the Immigration Judge's review of the negative credible fear determination.

9. On April 7, 2025, the Immigration Judge reversed the negative fear determination. As a result of this reversal, J.M.A. was statutorily entitled to be returned to regular removal proceedings before the immigration court.

10. On May 3, 2025, DHS and RFK Human Rights filed with the BIA a joint motion to remand the case to the immigration court so that J.M.A. can apply for all available and appropriate forms of relief. The BIA granted the joint motion to remand.

11. On June 5, 2025, J.M.A. and undersigned counsel appeared at the first Master Calendar hearing following the BIA remand. The Immigration Judge who is assigned to J.M.A.'s case is the same Immigration Judge who granted the DHS motion on March 25, 2025. At the June 5 hearing, I advised the Immigration Judge that J.M.A. has a pending application with USCIS to adjust status under the CAA. The Immigration Judge was surprised about this fact given that it was not disclosed by DHS at the time J.M.A. appeared pro se before the Immigration Judge on March 25, 2025. The Immigration Judge stated that if J.M.A. had a pending application to adjust status under the CAA, he should not have been put into expedited removal proceedings. The Immigration Judge asked the DHS attorney if he agreed with that analysis and the DHS attorney concurred and noted that he had not filed the motion to terminate.

12. The placement of J.M.A. in expedited removal, despite the fact that he had been paroled into the United States, nearly resulted in his quick removal from the United States. Unlike many others, J.M.A. was able to secure pro bono counsel to assist him in presenting his credible fear claim to the immigration judge reviewing the asylum officer's negative determination. If J.M.A. had been removed from the United States, he would have been removed to Cuba—a country where he fears persecution and torture. Additionally, J.M.A.'s removal from the country through expedited removal proceedings would have vitiated his right to continue pursuing his application for adjustment of status under the CAA.

I declare under penalty of perjury and under the laws of the United States that the foregoing

is true and correct to the best of my knowledge.


Executed in New York, New York on June 9, 2025


*Sarah Gillman*
Sarah T. Gillman, Esq.

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

Carol G. Bridge                                                    DETAINED
Chief Counsel
Jeffrey T. Fiut
Deputy Chief Counsel
Sydney V. Probst
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
4250 Federal Drive
Batavia, NY 14020

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF: | IN REMOVAL PROCEEDINGS |
|---|---|
| ███████████ | ██████████ |
| Respondent | |

Immigration Judge: TBD                Hearing Date: March 25, 2025

## U.S. DEPARTMENT OF HOMELAND SECURITY
## MOTION TO DISMISS WITHOUT PREJUDICE

EOIR – 1 of 4

*Revised 3/12/2025*

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF: | IN REMOVAL PROCEEDINGS |
|---|---|
| ██████████ | ███████████ |
| Respondent | |

The U.S. Department of Homeland Security (Department) moves to dismiss removal proceedings, without prejudice. Specifically, the Department has reviewed the facts and circumstances of the case and determined that circumstances after issuance of the Notice to Appear have changed to such an extent that continuation is no longer in the best interest of the government. 8 C.F.R. §§ 1239.2(c), 239.2(a)(7) and (c).

Dismissal pursuant to this motion is without prejudice and does not constitute a final judgment rendered on the merits of any issue in these proceedings. *See* 8 C.F.R. § 1239.2(c) (providing that dismissal "shall be without prejudice to the alien or the Department").

**WHEREFORE**, for the reasons stated above, the Department requests this Court grant its motion to dismiss without prejudice.

Respectfully submitted on March 24, 2025

*Sydney Probst*
_____
Sydney V. Probst
Assistant Chief Counsel

EOIR – 2 of 4

*Revised 3/12/2025*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

| IN THE MATTER OF: | IN REMOVAL PROCEEDINGS |
|---|---|
| ███████████ | ████████ |
| Respondent | |

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the **U.S. Department of Homeland Security Motion to Dismiss Without Prejudice**, it is HEREBY ORDERED that the motion be:

[   ] **GRANTED.**

[   ] **DENIED** because: _____

_____

_____

_____

_____          _____
Date                                              TBD
                                                     Immigration Judge

**CERTIFICATE OF SERVICE**

This document was served by: [ M ] Mail; [ P ] Personal Service; [ O ] Other: _____

To: [   ] Alien; [   ] Alien c/o Custodial Officer; [   ] Alien's Atty/Rep.; [   ] DHS

Date:_____          By: Court Staff_____

EOIR – 3 of 4

*Revised 3/12/2025*

| **IN THE MATTER OF:** | **IN REMOVAL PROCEEDINGS** |
|---|---|
| ████████████████ | ██████████ |
| Respondent | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I served a copy of this **U.S. Department of Homeland Security Motion to Dismiss Without Prejudice**.

☐   an identical copy in a sealed envelope with postage thereon fully prepaid and causing the same to be deposited with the U.S. Postal Service to the person at the precise and complete address set forth below. (See Immigration Court Practice Manual, Chapter 3.2)

☒   an identical copy hand-delivered to a responsible person at the address, set forth below, of the individual being served. (*See* Immigration Court Practice Manual, Chapter 3.2)

☐   through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

**c/o Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, NY 14020**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 24, 2025.

   Sydney V. Probst
   Sydney V. Probst
   Assistant Chief Counsel

*Revised 3/12/2025*

# EXHIBIT B

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:

█████████████████

To:

█████████████████

BATAVIA, NY 14020

A-Number:

█████████

Riders:

In Removal Proceedings

Initiated by the Department of Homeland Security

Date:

03/25/2025

**ORDER ON MOTION TO DISMISS**

☐ The Respondent ☑ the Department of Homeland Security ☐ the parties jointly has/have filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given notice of the motion to the non-moving party and the court has provided the non-moving party with an opportunity to respond. The motion is ☐ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to dismiss is:

☑ Granted without prejudice
☐ Denied

Further explanation:

IT IS SO ORDERED.

Immigration Judge: SCHULTZ, ERIC 03/25/2025

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ P ] Noncitizen c/o custodial officer | [ ] Noncitizen's atty/rep. | [ P ] DHS

Respondent Name : ███████████████    A-Number : ████████

Riders:

Date: 03/25/2025 By: Cavar, Sandi, Court Staff

# EXHIBIT C

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court


In the Matter of                                                    File: ██████████


|                          |   |                        |
|                          | ) |                        |
| ████████████████         | ) | IN REMOVAL PROCEEDINGS |
|                          | ) |                        |
| RESPONDENT               | ) | Transcript of Hearing  |


Before Schultz, Eric, Immigration Judge


Date: March 25, 2025                          Place: BATAVIA, NEW YORK


Transcribed by Heritage Reporting Corp.


Official Interpreter:


Language: SPANISH


Appearances:

  For the RESPONDENT:

  For the DHS: PETER MARCHE

1    JUDGE FOR THE RECORD

2        Good morning everyone.  We're on the record.  This is Immigration Judge Eric

3    Schultz presiding in removal proceedings at the Batavia, New York Immigration Court

4    on March 25, 2025, in a group master calendar hearing for three Respondents.  I will

5    identify them by name and alien registration number momentarily.  The Respondents

6    are each detained in the custody of the Department of Homeland Security.  They are

7    appearing in person before the Court today.  I've familiarized myself with their record of

8    proceedings.  The Department of Homeland Security is represented by Assistant Chief

9    Counsel Peter Marche, who is appearing in person with the Court today.  The

10   Respondents are not represented.  We have the assistance of a Spanish interpreter

11   telephonically connected from Language Services Associates to assist the Court and

12   the parties today.

13   JUDGE TO INTERPRETER

14       To our interpreter, we are on the record.  Thank you for your help.  As always we

15   appreciate it.

16   INTERPRETER TO JUDGE

17       Good morning.  Thank you so much, Your Honor.  My pleasure.

18   JUDGE TO INTERPRETER

19       Do you swear or affirm to faithfully and correctly interpret the proceedings here

20   from English to Spanish and Spanish to English?

21   INTERPRETER TO JUDGE

22       Yes, I do.

23   JUDGE TO INTERPRETER

24       Thank you.

25   JUDGE TO RESPONDENTS



1    To the Respondents through our interpreter, good morning gentlemen.  When I

2    say your name, please stand and remain standing.  ███████████████████.

3    ████████████████████████████.  And ██████████████████████

4    ████████████████.

5    JUDGE FOR THE RECORD

6    Let the record reflect all three Respondents stood when called, indicating they

7    are all present for this group master calendar hearing.

8    JUDGE TO RESPONDENTS

9    To the Respondents through our interpreter, thank you, gentlemen.  You may be

10   seated.  Please raise your hand if Spanish is your best language.  Thank you.  You may

11   lower your hands.

12   JUDGE FOR THE RECORD

13   Let the record reflect that all three Respondents raised their hand indicating

14   Spanish is their best language.

15   JUDGE TO RESPONDENTS

16   So, to the Respondents, I'm going to explain to you the legal rights that you have

17   in these proceedings.  Please listen carefully and after I've completed my explanation, I

18   will speak to each of you individually.

19   The reason why we're here is because the U.S. Government has charged that

20   you do not have a legal right to remain in the United States and has listed those

21   charges in a document called a Notice to Appear that you were given to start this case.

22   There are two purposes for these hearings.  The first is to see if the U.S. Government is

23   correct in that charge.  The second is to see if you qualify for any relief or benefit that

24   would allow you to stay in the United States or leave without being ordered removed.

25   During these proceedings, you have the right to present evidence in support of

1   your case and to examine and object to any evidence presented by the Government.  If

2   at the end of these hearings the Court determines you are not legally allowed to remain

3   in the United States, you have a right to appeal that decision to a higher court called the

4   Board of Immigration Appeals.

5          If you apply for any relief from removal, such as for example asylum, the Court

6   will set a deadline for you to file your application with the Court.  If the application is not

7   filed by the deadline set, the Court may deem the application abandoned.  You also

8   have what's called a corroboration requirement.  This means you are expected and

9   required to file reasonably available documents to support claims you make in an

10  application.  So, for example, if you apply for asylum, you're expected to file documents

11  to show why you have a fear of returning to your home country.  If you don't provide

12  those kinds of documents, the Court may deny your application for relief, based on lack

13  of corroboration.

14         You have the right to be represented during these proceedings by an attorney or

15  a qualified representative at your own expense.  The Court and the Government cannot

16  provide you with an attorney.  However, when you came into Court today, our officer

17  gave you a list of individuals and organizations that may be able to represent you at little

18  or no cost to you.  Please understand you are not limited to just the attorneys on the list.

19  If you wish, you can arrange for any attorney you want, but it is your responsibility to

20  find counsel.

21  JUDGE FOR THE RECORD

22         This concludes the group legal rights advisals.  I will now go into each individual

23  case.

24                              [OFF THE RECORD]

25                              [ON THE RECORD]

March 25, 2025

1   JUDGE FOR THE RECORD

2       We are back on the record.  This is Immigration Judge Eric Schultz in the matter

3   of ███████████, file number ███████████.  Let the record reflect this Respondent

4   was part of a group master calendar hearing in which I explained and was part of that

5   group for legal rights he has in these proceedings.  We are now on his individual matter.

6   JUDGE TO ███████████████

7       To the Respondent through our interpreter, good morning.  How are you?

8   ███████████████ TO JUDGE

9       Good morning, sir.  I'm fine.  Thanks.

10  JUDGE TO ███████████

11      Please confirm what language do you speak and understand best.

12  ███████████████ TO JUDGE

13      I speak a little bit English, but I'm so nervous right now.  It's better for me to

14  speak Spanish.  [indiscernible].

15  JUDGE TO ███████████

16      All right.  So, in English and through our interpreter, sir, if English [sic] is your

17  best language, please let's use the interpreter.  These are important proceedings for

18  you.  I want to make sure you understand everything.

19  ███████████████ TO JUDGE

20      I will use interpreter, please.

21  JUDGE TO ███████████████

22      Please raise your right hand.  Do you swear or affirm that the testimony you will

23  give today will be the truth?

24  ███████████████ TO JUDGE

25      Yes.  I swear.

1    JUDGE TO ██████████████

2        Thank you.  You may lower your hand, and please tell me your full name.

3    ████████████████ TO JUDGE

4        ████████████.

5    JUDGE TO ████████████████

6        Thank you.

7    JUDGE TO INTERPRETER

8        Madam Interpreter, when I speak to Government Counsel, please continue

9    consecutive interpretations.  Okay?

10    INTERPRETER TO JUDGE

11        Okay.

12    JUDGE TO ████████████████

13        So, to the Respondent, sir, yesterday the Government attorney's office filed a

14    request or a motion to dismiss your proceedings without prejudice, which means there

15    would be no longer an Immigration Court proceeding.  They have the right to do that

16    under regulation.  They get to decide who should appear in front of me and then when

17    that happens, I decide the issues, but they can decide whether to proceed or not in

18    certain cases like yours.

19    JUDGE TO MR. MARCHE

20        Attorney Marche, are you familiar with this, and did you want to add anything?

21    MR. MARCHE TO JUDGE

22        I saw the motion filed by my co-Counsel, Ms. Probst.  I have nothing further to

23    add, Your Honor.

24    JUDGE TO ██████████████

25        So, to the Respondent, sir, I am going to sign that order dismissing this

1   Immigration Court proceeding.  You have Counsel -- you can try to find Counsel

2   yourself if you'd like and talk to your deportation officer, but we're not going to have an

3   Immigration Court case right now.  All right?  Do you understand?

4   ████████████████ TO JUDGE

5      Yes, sir.

6   JUDGE TO ██████████████

7      Do you have any questions?

8   ██████████████ TO JUDGE

9      No, sir.

10   JUDGE TO ████████████

11      All right.

12   JUDGE FOR THE RECORD

13      So, this is actually going to be an adjournment code 8(a) for signing the order

14   before the hearing, and we will go off the record on the removal case and go to the

15   bond hearing next.

16                    <u>HEARING CLOSED</u>

17

18

19

20

21

22

23

24

25