IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00872 (JMC) <br><br> Hon. Jia M. Cobb |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

A hearing on Plaintiffs' motion for a stay of agency action is scheduled for July 9, 2025. Defendants bring to the Court's attention two Supreme Court decisions that were issued after Defendants filed their opposition to the Plaintiffs' motion for a stay.

First, in *Hewitt v. United States*, No. 23-1002, 2025 WL 1758501 (U.S. June 26, 2025), the Supreme Court relied on Congress's use of the present perfect tense language in a provision of the First Step Act to conclude that a criminal sentence "has not been imposed" if the defendant had been sentenced earlier, but the sentence was later vacated. *Id.* at *5-6. "When used in this way, the present-perfect tense conveys to a listener that the event in question continues to be true or valid." *Id.* at *6. This holding is relevant to Defendants' argument relating to Congress's use of the present perfect tense language in 8 U.S.C. § 1225(b)(1)(A)(iii)(II). *See* Defendants' Opposition to Stay Motion at 34-35.

Second, in *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025), the Supreme Court held the Government was likely to succeed on the merits of its argument that federal courts lack statutory authority to issue "universal injunctions." *Id.* at *1; *id.* at *6

("Congress has granted federal courts no such power."). Instead, a court granting equitable relief "may administer complete relief between the parties," *id.* at *11 (quotation omitted), but not to "nonparties." *Id.* at *10 . These principles are relevant to Defendants' scope-of-relief arguments. *See* Defendants Opp. at 52-54.

Regarding irreparable harm, the Court explained: "[w]hen a federal court enters a universal injunction against the Government, it improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties," and that intrusion is sufficient to demonstrate irreparable harm warranting a stay. *Id.* at *14 (cleaned up). This analysis is relevant to the balancing-of-harms issue. *See* Defendants' Opp. at 50-52.

Dated: July 3, 2025

Respectfully submitted,

*/s/ Papu Sandhu*
PAPU SANDHU
(Mass. Bar No. 630090)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9357
Email: papu.sandhu@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed this NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                 */s/ Papu Sandhu*
                                                 PAPU SANDHU
                                                 Assistant Director
                                                 U.S. Department of Justice