UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>  Defendants. | Case No. 25-cv-872 (JMC) |

**ORDER**

Defendants have moved for a stay pending appeal of this Court's August 1, 2025, order and memorandum opinion granting Plaintiffs' motion for a stay of agency action under 5 U.S.C. § 705. ECF 42. "A stay pending appeal is an extraordinary remedy." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020) (citing *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)). The Court must consider four factors before granting a stay motion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Defendants have not met their "burden of showing that the circumstances justify" the extraordinary remedy of a stay. *Id.* at 434. As to a likelihood of success on the merits, Defendants' motion largely reiterates arguments advanced in their prior briefing. The Court again finds Defendants' arguments unpersuasive for the reasons stated in its memorandum opinion. The inability to show a substantial likelihood of success on the merits is "an arguably fatal flaw for a

1

stay application." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1019 (D.C. Cir. 2018). "Where there is a low likelihood of success on merits, a movant must show a proportionally greater irreparable injury." *M.M.V.*, 459 F. Supp. 3d at 4 (citing *Cuomo*, 772 F.2d at 974). Defendants have not demonstrated the required injury here, and their citations to *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), continue to be misguided in the context of this case. *See* ECF 41 at 77–80. In contrast, issuance of a stay would substantially injure Plaintiffs' members, whom the Court has found face "imminent, irreparable injury" from the challenged actions. *Id.* at 5. Finally, as the Court previously held, the public interest clearly favors the *Plaintiffs*' stay of the challenged agency actions. *Id.* 77–80. Each factor weighs against granting Defendants a stay pending appeal. Accordingly, it is hereby

**ORDERED** that Defendants' motion to stay the Court's August 1, 2025 order granting a stay of agency action under 5 U.S.C. § 705 pending appeal, ECF 42, is **DENIED**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: August 13, 2025