UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    *Defendants*. | Case No.: 1:25-cv-0872 |

**PLAINTIFFS' MOTION FOR LIMITED RELIEF FROM STANDING ORDER NO. 25-55**

Plaintiffs respectfully move this Court for an order granting limited relief from Standing Order No. 25-55 (JEB), *In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations* (Oct. 1, 2025), which automatically extends most deadlines imposed upon the federal government in civil matters in this District, to require Defendants to produce the administrative record within 14 days of the Court order and to allow briefing on Plaintiffs' forthcoming motion for partial summary judgment to address ongoing irreparable injury.

As explained below, notwithstanding this Court's stay order dated August 1, 2025, Defendants continue to subject noncitizens who have previously been paroled into the country at ports of entry to expedited removal, but now purport to do so only under regulatory authority, 8 C.F.R. § 235.3(b)(1)(i) (listing as eligible for expedited removal "arriving aliens, as defined in 8 C.F.R. § 1.2"), rather than the stayed agency actions. Plaintiffs' members who previously have been granted paroled at ports of entry—as well as hundreds of thousands of others similarly situated—thus remain at imminent risk of expedited removal. Plaintiffs intend to move for partial summary judgment on their Fifth Claim, regarding 8 C.F.R. § 1.2's definition of "arriving alien,"

*see* Am. Compl. ¶¶ 171-83, ECF No. 21, and the District of Columbia Local Rules call for summary judgment to be based on the administrative record. *See* D.D.C. LCvR 7(h)(2).

1. On August 14, 2025, this Court entered an order directing Defendants to serve Plaintiffs with the agency record in this case within 60 days from that date so long as the August 1, 2025 stay of agency action remained in place in the interim. *See* Electronic Order dated August 14, 2025. The order provided that "If Defendants are granted a stay pending appeal or other extraordinary relief from the stay order, Defendants shall serve Plaintiffs with the administrative record within 14 days after such relief is granted." *Id*.

2. On September 12, 2025, the United States Court of Appeals for the District of Columbia vacated a partial administrative stay that it had entered on August 18 and denied Defendants' motion for a stay pending appeal. *Coalition for Humane Immigrant Rights v. Noem*, No. 25-5289, 2025 WL 2649100, at *1 (D.C. Cir. Sept. 12, 2025). Given the D.C. Circuit's decision and the August 14 order of this Court, Defendants were to file the administrative record on or before October 13, 2025.

3. At the end of the day on September 30, funding for various Executive branch agencies, including the Department of Justice, lapsed. The following day, October 1, Chief Judge James E. Boasberg issued Standing Order No. 25-55, which extends most filing and discovery deadlines imposed upon the United States in civil matters beyond the unforeseeable end to the lapse in appropriations. However, the Court may also relieve any party from the Standing Order "in any particular civil action." *Id*.

4. Since this Court's August 1 stay order, Plaintiffs have heard from immigration attorneys around the country whose clients have been processed for expedited removal notwithstanding the Court's August 1 order and the fact that they were previously paroled into the

country at a port of entry. Plaintiffs have brought information about these cases to Defendants' attention. In at least one case, Defendants canceled the paroled individual's expedited removal order and placed the individual back in ordinary removal proceedings.

5.     On October 14, however, Defendants' counsel informed Plaintiffs' counsel that in light of the decision by the D.C. Circuit Court of Appeals to deny Defendants' motion for a stay pending appeal of this Court's August 1 order, Defendants will continue to place individuals previously paroled into the country at ports of entry in expedited removal because the August 1 order applies by its express terms only to the three recent written directives. In other words, Defendants' position appears to be that they may continue to use expedited removal against noncitizens paroled into the country at ports of entry under the regulation, 8 C.F.R. § 235.3(b)(1)(i), even though this Court concluded that the regulatory definition of "arriving alien" at 8 C.F.R. § 1.2 is "*ultra vires* to the extent it subjects parolees to expedited removal." Mem. Op. at 53, ECF No. 41. Multiple federal courts have agreed with this Court's reasoning in granting habeas petitions for individuals paroled into the United States at a port of entry who were processed for expedited removal. *See, e.g., E.V. v. Raycraft*, No. 25 CIV 2069, 2025 WL 2938594, at *4 (N.D. Ohio Oct. 16, 2025) ("The Court is persuaded and joins the numerous district courts that hold [8 U.S.C.] § 1225 does not authorize expedited removal of noncitizens who have been paroled into the United States under either § 1225(b)(1)(A)(i) (arriving aliens) or § 1225(b)(1)(A)(iii)(II) (individuals not admitted or paroled into the United States and who have not been continuously present for at least two years, regardless of the status of that parole") (citing Mem. Op. at 30); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), 2025 WL 2630826, at *11 (S.D.N.Y. Sept. 12, 2025) ("This Court joins [*CHIRLA*] in holding that § 1225 does not authorize expedited removal of individuals who have ever been paroled into the U.S. under either of its provisions."). However, one federal court

3

recently adopted Defendants' position that expedited removal for parolees remains permissible under 8 C.F.R. § 235.3(b)(1). *Pitaluga Nunez v. Ripa,* 25-cv-61814 (S.D. Fla. Oct. 10, 2025) (attached as Exhibit A, denying a habeas petition filed by two Cuban nationals who were paroled into the United States at a port of entry in January 2024 and processed for expedited removal 18 months later in July 2025).

6. Defendants did not produce the administrative record on October 13. Rather, upon being asked on October 14, Defendants' counsel advised that Defendants would not be producing the administrative record at this time due to Standing Order No. 25-55.

7. In light of the foregoing—and because immigration enforcement against Plaintiffs' members and those like them continues unabated notwithstanding the lapse in appropriations—Plaintiffs respectfully request that this Court provide relief from Standing Order No. 25-55 by (i) ordering Defendants to produce the administrative record within 14 days of such order, and (ii) ordering Defendants to file a timely response to Plaintiffs' forthcoming motion for partial summary judgment.

8. Defendants will not be prejudiced by the Court granting this motion, particularly because at the time that Standing Order No. 25-55 was issued, 12 days remained under the Court's August 14, 2025 order to complete production of the administrative record. What is more, courts in this Circuit have routinely denied the government's requests to stay time-sensitive proceedings during lapses in appropriations. *See*, *e.g.*, *Kornitsky Grp., LLC v. Elwell*, 912 F.3d 637, 638-39 (D.C. Cir. 2019) (Srinvasan, J., concurring in denial of stay motion) (noting that "[e]very one of" the government's motions to stay oral argument during the 2013 shutdown "was denied"), *see also United States v. US Airways Grp., Inc.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013) (denying DOJ's request for a stay due to the shutdown because an impending deadline for the proposed merger at

issue required a "prompt resolution" that warranted expedited discovery); *Roman Cath. Archbishop of Wash. v. Sebelius*, No. CV 13-1441(ABJ), 2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013) (holding that a stay due to a shutdown was "not compatible with the fair administration of justice" where plaintiffs alleged irreparable harm caused by imminent implementation of a federal regulation). This Court recently denied the government's request to stay proceedings in *District of Columbia v. Trump*, No. 25-cv-03005 (Oct. 2, 2025).

9. Before filing this motion, per Local Rule 7(m), counsel for Plaintiffs conferred with counsel for Defendants. Counsel for Defendants reported that Defendants oppose the motion to require production of the agency record within 14 days given the lapse in appropriations, and they oppose any motion for summary judgment.

Dated: October 24, 2025

Respectfully submitted,

*/s/Hillary Li*
Hillary Li (GA0052)
Esther H. Sung (CA00132)
Karen C. Tumlin (CA00129)
Laura Flores-Perilla (admitted *pro hac vice*)
Brandon Galli-Graves (admitted *pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

Tom-Tsvi M. Jawetz (*pro hac vice*)
*JAC Cooperating Attorney*
1358 Jefferson St. NW
Washington, DC 20011
Telephone: (202) 413-5208
Tom.Jawetz@gmail.com

        Carl Bergquist (*pro hac vice*)
        COALITION FOR HUMANE IMMIGRANT RIGHTS
        2533 West 3rd St, Suite 101
        Los Angeles, CA 90057
        Telephone: (310) 279-6025
        cbergquist@chirla.org

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

        */s/Hillary Li*
        Hillary Li