UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>*Defendants.* | Case No.: 1:25-cv-0872 |

### DECLARATION OF IDA BEATRIZ DE LUCA

I, Ida Beatriz De Luca, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an attorney at Funes Law Group, and I am an attorney in good standing of the State Bar of New York. I represent a client, J.P., who was paroled into the United States at a port of entry and has been targeted for expedited removal. My client is a member of UndocuBlack and CHIRLA.

3. J.P. is a national of Haiti who presented himself for inspection at the port of entry in Laredo, Texas, on December 12, 2024. Prior to appearing at the port of entry, J.P. used the Department of Homeland Security's mobile application, CBP One, to schedule an appointment so that he could request asylum in the United States. On that same date and after inspection by a Customs and Border Protection officer, he was granted parole valid from December 12, 2024, through December 11, 2026. Concurrently, he was issued a Notice to Appear ("NTA") requiring him to appear before an Immigration Judge on July 25, 2025 in Miami, Florida.

1

4. After being paroled into the United States, J.P. timely filed his asylum application with the Immigration Court and appeared *pro se* at his first master calendar hearing on July 25, 2025, as required by the NTA. During that hearing, the Department of Homeland Security ("DHS") filed a motion to dismiss J.P.'s removal proceedings. The Immigration Judge granted the motion without prejudice and reserved his right to appeal, with the appeal deadline set for August 25, 2025. Immediately following the dismissal of proceedings, Immigration and Customs Enforcement ("ICE") agents arrested J.P. at the Immigration Court.

5. J.P.'s family retained Funes Law Group on August 5, 2025. At that time, J.P. was detained at the facility commonly known as "Alligator Alcatraz" in Miami, Florida. He was subsequently transferred to El Paso, Texas, where he remains in detention.

6. On August 6, 2025, I sent an email to ICE Enforcement and Removal Operations ("ERO") requesting that ICE promptly vacate J.P.'s expedited removal order, halt all expedited-removal-related processes, and release him from detention. Based on my understanding at the time, and in light of his immediate detention following the dismissal of his removal proceedings, DHS appeared to have placed J.P. into expedited removal.

7. On August 10, 2025, I received a response from ERO/ICE stating that the expedited removal order "will not be vacated and [J.P.] will not be released from custody." Attached as Exhibit A to this declaration is a true and correct copy of my email communications with ERO/ICE with all personally identifiable information redacted.

8. On August 22, 2025, I filed an appeal with the Board of Immigration Appeals ("BIA") challenging the dismissal of J.P.'s removal proceedings. That appeal remains pending as of the date of this filing. J.P. faces the risk of being subjected to expedited removal at any time if the appeal does not result in the reinstatement of his removal proceedings.

9. I am aware of Defendants' position in this litigation that paroled individuals, such as my

client, may be subjected to expedited removal pursuant to their regulatory authority under 8 C.F.R. § 235.3(b)(1)(i), which incorporates by reference the definition of "arriving alien" at 8 C.F.R. § 1.2 and includes paroled individuals—despite the district court's August 1, 2025 order. As the government adopted this position in or around September 2025, my understanding is that any expedited removal of my client would be carried out pursuant to 8 C.F.R. § 235.3(b)(1)(i).

10. J.P. has suffered significant harm from the dismissal of his removal proceedings and detention to be processed for expedited removal. He has been separated from his family for more than six months, and he was informed by ICE that he could be deported to Haiti, a country to which he fears returning. J.P. properly presented his asylum claim before EOIR and complied with all requirements of his NTA, including appearing at his first master calendar hearing. At the time DHS moved to dismiss his proceedings, J.P. was unrepresented by counsel and was detained immediately afterward by ICE at the Immigration Court. J.P. followed all required steps to seek asylum in the United States, yet he has remained detained since July 2025 following the dismissal of his removal proceedings. He is experiencing emotional distress while detained, awaiting the outcome of his BIA appeal and facing the ongoing threat of expedited removal.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Miami, Florida on February 17, 2026.

_____

Ida Beatriz De Luca

# EXHIBIT A

**From:** Ervin, Jahmal <Jahmal.Ervin@ice.dhs.gov>
**Date:** Sunday, August 10, 2025 at 5:57 PM
**To:** Ida De Luca <ideluca@funeslawgroup.com>
**Cc:** Morales, LuisAntonio <LuisAntonio.Morales@ice.dhs.gov>
**Subject:** RE: Request to Vacate ER Order and Release ███

Good Afternoon Attorney De Luca,

As of this time the order will not be vacated and he will not be released from custody. After legally review, the U.S. Government appealed the stay order granted by the District Court judge and there is no basis for release as the District Court judge's decision is on appeal.

Respectfully,

**Jahmal Ervin**
Supervisory Detention & Deportation Officer
Firearms and Entry/Tactics Instructor
Miami Field Office, Krome SPC
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

---

**From:** Parra, Charles <Charles.Parra@ice.dhs.gov>
**Sent:** Friday, August 8, 2025 3:22 PM
**To:** Lozada, Carlos <Carlos.Lozada@ice.dhs.gov>; Fitzpatrick, Ryan J <Ryan.J.Fitzpatrick@ice.dhs.gov>; Ervin, Jahmal <Jahmal.Ervin@ice.dhs.gov>
**Subject:** FW: Request to Vacate ER Order and Release ███

**From:** Ida De Luca <ideluca@funeslawgroup.com>
**Date:** Friday, Aug 08, 2025 at 2:18 PM
**To:** Parra, Charles <charles.parra@ice.dhs.gov>
**Subject:** FW: Request to Vacate ER Order and Release ▮▮▮▮▮

> You don't often get email from ideluca@funeslawgroup.com. Learn why this is important
>
> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Mr. Parra,

I am forwarding my request for your knowledge.

Sincerely,



**FUNES LAW GROUP**
INMIGRACIÓN

**Ida De Luca**
Attorney
Practice Limited to Federal Immigration.
Admitted in N.Y.

📞 (305) 309-8472
✉ ideluca@funeslawgroup.com
🌐 www.abogadofunes.com
📍 Ocean Bank Building
782 NW 42nd Ave, Suite 348
Miami, FL 33126

---

**From:** Ida De Luca <ideluca@funeslawgroup.com>
**Date:** Wednesday, August 6, 2025 at 4:56 PM
**To:** nelson.e.roman@ice.dhs.gov <nelson.e.roman@ice.dhs.gov>
**Subject:** Request to Vacate ER Order and Release ▮▮▮▮▮

**Deportation Officer Roman,**

I represent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and I respectfully request that ICE promptly vacate Mr. ▮▮▮▮'s expedited removal (ER) order, halt all other ER-related processes—and release him from detention.

As you may be aware, on August 1, 2025, the U.S. District Court for the District of

Columbia in *CHIRLA v. NOEM* stayed government policies seeking to put individuals who entered on parole at a port of entry in expedited removal proceedings. The court found that the INA does not authorize expedited removal for people who were paroled at a port of entry even after their parole has been terminated. As such, my client, Mr. ███████ who was paroled at a port-of-entry at Laredo, Texas on 12/12/2024 is covered by this stay and ICE is not authorized to pursue expedited removal against him. *See* attached. Please respond to this email by 8/18/2025 confirming that you are vacating Mr. ███████'s ER order, halting all other ER-related processes, and releasing Mr. ███████ from detention. If I do not hear from you by then, I will escalate this matter to counsel in *CHIRLA v. NOEM.*

I have attached the relevant court order for your reference and supporting documents.

Attached Documents

> G-28
> Haitian Passport
>
> I-94
>
> EAD category - C11
>
> Driver License
>
> EOIR Automated Case Information showing his case before Miami Immigration Court was dismissed on July 25, 2025, per DHS request to place Mr. ███████ in ER.
> *CHIRLA v. Noem* Order

Sincerely,




FUNES LAW GROUP
INMIGRACIÓN

Ida De Luca
Attorney
Practice Limited to Federal Immigration.
Admitted in N.Y.

(305) 309-8472
ideluca@funeslawgroup.com
www.abogadofunes.com
Ocean Bank Building
782 NW 42nd Ave, Suite 348
Miami, FL 33126