# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, et al., <br><br> *Plaintiffs,* <br><br> *v.* <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., <br><br> *Defendants.* | Case No. 1:25-cv-0872 |

## DECLARATION OF DMITRY FILIMONOV

I, Dmitry Filimonov, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an Attorney at Filimonov Law Firm, PLLC, and an attorney in good standing of the State Bar of New York. I represent D.S., a national of Russia, who was paroled into the United States at a port of entry and has been subjected to expedited removal. D.S. is a member of CASA.

3. D.S. last entered the United States on March 1, 2022, through the San Ysidro Port of Entry. He presented a pre-authorized Advance Parole Document (Form I-512) issued by U.S. Citizenship and Immigration Services (USCIS) on January 27, 2022, and was inspected and paroled by U.S. Customs and Border Protection (CBP). CBP granted D.S. parole under Class of Admission "DT" through February 24, 2023, as reflected on both the parole stamp placed on his Form I-512 and his official Form I-94 record.

4. Following his parole into the United States, D.S. has continuously resided in the United States with his wife and U.S.-born child. He lawfully and timely applied for asylum with

USCIS by filing Form I-589, which USCIS acknowledged as pending beginning January 14, 2023. He also applied for and received work authorization and began working as cell-tower climber, and then as a truck driver, to support his family.

5. On August 27, 2025, USCIS issued a Notice of Dismissal of D.S.'s Form I-589, stating that the asylum application was dismissed as of August 26, 2025, based on DHS records indicating that D.S. had been placed in expedited removal and issued a Form I-860 (a Notice and Order of Expedited Removal) on some unspecified date. To my knowledge, D.S. has never been served with a Form I-860, has never been detained, and my review of records obtained through Freedom of Information Act requests has revealed no evidence that any expedited removal order was ever issued against him.

6. I am aware of Defendants' position in this litigation that despite the district court's August 1, 2025 order, paroled individuals, such as my client, may be subjected to expedited removal pursuant to their regulatory authority under 8 C.F.R. § 235.3(b)(1)(i), which refers to the definition of "arriving alien" at 8 C.F.R. § 1.2. Although 8 C.F.R. § 1.2 does say that an "arriving alien" who is paroled into the country at a port of entry remains an "arriving alien" thereafter, it also says that if that parole was pursuant to a grant of advance parole the noncitizen will not be treated as "arriving" for purposes of the expedited removal provision at 8 U.S.C. § 1225(b)(1)(A)(i). 8 C.F.R. § 1.2. Additionally, D.S. has been physically present in the U.S. since he last came pursuant to that grant of advance parole for longer than two years. It is unclear to me what authority DHS is claiming to use to subject him to expedited removal.

7. Despite this, USCIS and DHS have treated D.S. as subject to expedited removal following the dismissal of his asylum application, which has caused him and his family significant and ongoing harm. As a result of USCIS's dismissal of my client's Form I-589 on August 26, 2025, my client lost his ability to maintain or renew employment authorization. Due to the loss of employment authorization, he had to stop working.

8. D.S. was the primary income earner in their family, so as a direct consequence of the loss of his employment authorization, D.S. and his family are less able to easily cover basic living expenses and care for their infant son, a United States citizen.

9. D.S.'s spouse is currently enrolled as a Master's student at Northeastern University. The family has already invested substantial resources in her education. Due to the loss of D.S.'s employment authorization, however, the family is now at imminent risk of being unable to pay upcoming tuition obligations, which would force her to withdraw from the program and result in the loss of the time and money she has invested in the program and the loss of future professional opportunities.

10. Additionally, financial constraints have forced D.S. to stop taking English language classes that he was paying for, significantly hindering his process of language learning.

11. Finally, D.S. and his family fear that at any point, D.S. could be arrested and detained by ICE and quickly removed from the country pursuant to an expedited removal order that has allegedly been issued against him.

12. In my 9 years of practice as an immigration attorney, I have never previously encountered DHS or USCIS treating an individual who lawfully returned to the United States on advance parole as subject to expedited removal in this manner.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Miami, Florida on February 17th, 2026.

Dmitry Filimonov
Attorney at Law