UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>*Defendants.* | Case No.: 1:25-cv-0872 |

**DECLARATION OF ELIZABETH HERCULES-PAEZ**

I, Elizabeth Hercules-Paez, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am a Senior Staff Attorney at Public Counsel, and I am an attorney in good standing of the State Bar of California. I represent R.H.H. and her minor children, C.M.H. and M.M.H., who were paroled into the United States at a port of entry and who have been targeted for expedited removal. R.H.H. is a member of the Coalition for Humane Immigrant Rights (CHIRLA).

3. R.H.H., C.M.H., and M.M.H. are nationals of El Salvador who presented at the Brownsville, Texas port of entry on or around November 2, 2024, via a CBP One appointment. Their initial parole period as reflected in their I-94s ran from November 2, 2024, through April 18, 2025. They were also issued Notices to Appear dated November 2, 2024, which required them to appear for an immigration court hearing on June 5, 2025, at the Van Nuys Immigration Court in California.

1

4. After they were paroled into the United States, R.H.H. and her children resided in Reseda, California with R.H.H.'s partner, the father of her children. They attended church and the children, M.M.H. and C.M.H., were enrolled in elementary school. R.H.H. volunteered at the elementary school whenever possible and participated in Parent Teacher Association ("PTA") activities and parent education courses.

5. R.H.H., C.M.H., and M.M.H. attended their initial master calendar hearing at the Van Nuys Immigration Court on June 5, 2025, without representation. During the hearing, the Department of Homeland Security ("DHS") made an oral motion to dismiss their removal proceedings, and the immigration judge granted DHS's motion over R.H.H.'s opposition. R.H.H. feared they would be deported to a country where she fears harm and unable to present their asylum case if the judge dismissed their case. According to the digital audio recording of their hearing, neither DHS nor the judge explained to R.H.H. that she and her children could or would be detained and/or placed in expedited removal proceedings following the dismissal of their removal proceedings. It is unclear whether the immigration judge knew whether they would be able to proceed with an affirmative asylum claim after the dismissal of their proceedings.

6. R.H.H. and her children were detained by Immigration and Customs Enforcement ("ICE") officers as they were walking out of the courtroom. They were taken to a big office on the first floor and held there for several hours while ICE issued them expedited removal orders, despite the fact that they were within the period of time provided to appeal the dismissal of their removal proceedings. They were later transported to a detention-like holding center in Los Angeles, California and then transferred to a detention center in Dilley, Texas. At the time of their detention, C.M.H. was 8 years old,

and his little sister, M.M.H., was 6 years old. R.H.H. has told me that several other families, who similarly entered the country via CBP One, were detained that morning after their cases were also dismissed. Attached as Exhibit A is a true and correct copy of R.H.H.'s I-860, Notice and Order of Expedited Removal, with all personally identifiable information redacted.

7. I learned of the arrest and detention of R.H.H. and her children on about June 6, 2025. I had planned to visit the family at the Los Angeles holding center the next day, but they had already been transferred to Dilley, Texas by then.

8. While they were detained, I entered my appearance as pro bono counsel before the Board of Immigration Appeals on June 13, 2025. On June 20, 2025, our office appealed the dismissal of their removal proceedings. Simultaneously, R.H.H. underwent a credible fear interview while detained, without the presence of counsel, and received a negative fear determination on about July 8, 2025. R.H.H. requested a review of the negative fear determination by an Immigration Judge.

9. On July 11, 2025, our office submitted a release request, and our clients were released from custody a couple of days later. They were released on parole which expires on July 10, 2026.

10. Our office requested a continuance to prepare for the review of the negative credible fear determination, but that request was denied. The immigration judge affirmed the negative credible fear determination on about July 14, 2025. The BIA appeal of the dismissal of their removal proceedings was dismissed on December 5, 2025.

11. Due to being subjected to expedited removal, R.H.H. and her children were detained for over a month. They described their detention as a trauma they will never forget. They

expressed feeling devastated and traumatized while in detention. The children refused to eat and kept asking when they would be able to see their father again and when they would be able to go back to school and see their friends and teachers again.

12. The children described having trouble sleeping, they did not want to eat, they cried a lot and would constantly tell their mom they wanted to leave the detention center. After their release, C.M.H. was scared to leave his home, fearing he would once again be separated from his family and community. We referred R.H.H. and her children for mental health support through their school district. R.H.H. does not believe she would be able to access that type of support for her children in El Salvador.

13. In my experience, this was the first time that I have seen a paroled individual be processed for expedited removal. It was also the first time we had clients in both active removal proceedings and expedited removal proceedings simultaneously, and the first time we were working with a family that had been arrested and detained while appearing at an immigration court hearing.

14. I am aware of the position that Defendants are taking in this litigation that they can subject paroled individuals like my clients to expedited removal pursuant to their regulatory authority (8 C.F.R. § 235.3(b)(1)(i), which refers to the "arriving alien" definition at 8 C.F.R. § 1.2 that includes paroled individuals), despite the district court's order from August 1, 2025. As a result, I understand my client's final order of expedited removal to be pursuant to the regulation at 8 C.F.R. § 235.3(b)(1)(i).

15. My clients have experienced significant harm from being processed for expedited removal. They face imminent removal to El Salvador, where they fear returning. R.H.H. fears she and her children will be tortured or killed if they are forced to return. R.H.H.

4

described that their family previously received multiple death threats there. R.H.H. has expressed feeling devastated because they never had a meaningful opportunity to apply for asylum, withholding of removal, and protection under the Convention Against Torture. If they are deported, R.H.H., who is pregnant, would also be separated from her partner—and the father of her children. The children would also once again be separated from their father, friends, and community.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Fontana, CA on __02/27/2026__ (date)

_____
Elizabeth Hercules-Paez

# EXHIBIT A

Coalition for Humane Immigrant Rights, et al. v. Noem et al., 1:25-cv-00872 (JMC)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE AND ORDER OF EXPEDITED REMOVAL
### DETERMINATION OF INADMISSIBILITY

Event No: ▮
File No: ▮

Date: June 5, 2025

In the Matter of: ▮

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II); of the Act, as amended, and therefore are subject to removal, in that:

1. You are not a citizen or national of the United States;
2. You are a native of EL SALVADOR and a citizen of EL SALVADOR;
3. You applied for admission on 11/02/2024 at Brownsville Port of Entry, Texas, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;
5. ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM See I-831

T 9672 REYNOSO
DO
Name and title of immigration officer (Print)

Signature of immigration officer (Sign in ink)

### ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

T 9672 REYNOSO
DO
Name and title of immigration officer (Print)

Signature of immigration officer (Sign in ink)

ROGELIO (R2289) GUDINO
AFOD
Name and title of supervisor (Print)

Signature of supervisor, if available (Sign in ink)

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

**CERTIFICATE OF SERVICE**

I personally served the original of this notice upon the above-named person on 6/5/27 (Date)

Signature of immigration officer (Sign in ink)

Signature of alien (Sign in ink)

6/5/13 (Date)

ICE Form I-860 (5/11)

Page 1 of 1

U.S. Department of Homeland Security                Continuation Page for Form I-860

| Alien's Name | File Number | Date |
|---|---|---|
| ▓▓▓▓▓▓ | ▓▓▓▓▓▓ | 06/05/2025 |
| | Event No: ▓▓▓▓ | |

NARRATIVE
---------------------------------------------------------------------

THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF
LAW:=================================================================
212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant
who, at the time of application for admission, is not in possession of a valid unexpired
immigrant visa, reentry permit, border crossing card, or other valid entry document required
by the Act, and a valid unexpired passport, or other suitable travel document, or document
of identity and nationality as required under the regulations issued by the Attorney General
under section 211(a) of the Act.

| Signature | Title |
|---|---|
| O. 6078 SORIA | DD |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 08/01/07)