# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> *Defendants.* | Case No.: 1:25-cv-0872 |

## DECLARATION OF LAURA F. KELLEY

I, Laura F. Kelley, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I am an immigration attorney at LFK Immigration PA, and I am an attorney in good standing of the State Bars of California and Florida. I represent O.L.C., a native and citizen of Cuba, who was paroled into the United States at a port of entry and has been targeted with and processed for expedited removal. My client is a member of CASA.

3. On September 21, 2024, O.L.C. presented himself at the Paso del Norte Port of Entry in El Paso, Texas, pursuant to an appointment that he made using the CBP One mobile application. After inspection by a Customs and Border Protection officer he was granted parole into the country. At the same time, he was also issued a Notice to Appear in Immigration Court.

4. After he was paroled into the United States, O.L.C. resided in Virginia. O.L.C. applied for and obtained work authorization associated with his parole, and he worked first as a machine operator at a packaging company and later in production at a bakery.

5. O.L.C. appeared pro se at a Master Calendar Hearing on May 29, 2025, before the Sterling, Virginia Immigration Court. Prior to that day, O.L.C. had dutifully attended all previously scheduled immigration court hearings as instructed and without incident. At that hearing on May 29, however, ICE's Office of the Principal Legal Advisor (OPLA)

moved to dismiss the removal proceedings. The Immigration Judge granted the motion to dismiss. O.L.C. did not get a chance to oppose the motion, and he did not understand that his proceedings were being dismissed so that the government could process him for expedited removal.

6. Immediately following the dismissal of his proceedings, ICE Enforcement and Removal Operations (ERO) arrested O.L.C. at the courthouse and issued a Notice and Order of Expedited Removal. O.L.C. has remained continuously detained by ICE since that date and is currently held at the Caroline Detention Facility in Bowling Green, Virginia.

7. I was retained as counsel shortly after O.L.C.'s detention. I requested a credible fear interview on his behalf with ICE ERO. He received a positive Credible Fear Determination on June 18, 2025.

8. On June 23, 2025, I filed a Notice of Appeal with the Board of Immigration Appeals (BIA) challenging the dismissal of removal proceedings.

9. On June 25, 2025, as a result of the positive credible fear determination, the Department of Homeland Security issued a subsequent Notice to Appear, with an initial court date of July 8, 2025. However, because the appeal before the BIA was pending, the Immigration Court could not accept jurisdiction, and the case was closed for failure to prosecute.

10. On July 12, 2025, I filed a Pre-NTA Custody Redetermination Request, which was denied on July 31, 2025. The Immigration Judge denied the custody redetermination citing a lack of jurisdiction, based on a determination that O.L.C. is an arriving alien.

11. On July 18, 2025, DHS filed with the BIA a Motion to Remand the case to the Immigration Court. Despite this filing, the BIA has taken no action on the case. The appeal remains pending to this date.

12. Because O.L.C. is a national of Cuba who was paroled into the country and by late September 2025 had resided in the United States for more than one year, he was at that point prima facie eligible to adjust his status to that of a lawful permanent resident under the Cuban Adjustment Act (CAA). His hope was to adjust his status and settle long-term in the United States with his partner.

13. For that reason, on October 9, 2025, I filed a Motion to Terminate the appeal with the BIA based on O.L.C.'s eligibility to adjust status under the CAA. No ruling has been issued on that motion.

14. Throughout this time, ICE ERO has continued to detain O.L.C. and treat him as subject to expedited removal and mandatory detention despite his positive credible fear determination and the pendency of his appeal.

15. O.L.C. has a fear of persecution if returned to Cuba, as demonstrated by his positive credible fear determination. By placing and maintaining him in expedited removal, the government has subjected him to prolonged and mandatory detention and denied him meaningful access to the full procedural protections of removal proceedings, including the ability to fully present his asylum claim before an Immigration Judge. His continued detention as well as his inability to be before an Immigration Judge have also deprived of the opportunity to meaningfully pursue adjustment of status under the CAA, which would result in him obtaining lawful permanent residence in the United States.

16. Prior to O.L.C.'s Section 240 removal proceedings being dismissed, he was not detained, he was working lawfully and able to see his partner, and he was given meaningful opportunity in immigration court to pursue relief for which he is eligible. Now, due to being processed for expedited removal, he has been severely harmed, including being detained and separated from his partner for more than nine months. Since he is detained, he cannot work and he is dependent on his partner to do everything for him, including communicate with me as his counsel. Processing him for expedited removal has created a situation where my client is now in a legal limbo while he waits in detention for his BIA appeal to be decided or dismissed.

17. In my professional experience as an immigration attorney practicing removal defense since 2014, the processing of a paroled individual through expedited removal in this manner is not something I have ever seen before, and it is and inconsistent with ordinary practice. I have never before experienced a situation like this.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Doral, Florida on ___02/18/2026___ (date)

_____
Laura F. Kelley

3