## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>    *Plaintiffs,*<br><br>    *v.*<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    *Defendants.* | Case No.: 1:25-cv-0872 |

## DECLARATION OF JESSICA OLIVE

I, Jessica Olive, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. This is an update to my declaration which was submitted June 2025 regarding my client, E.M.P., who is a member of CASA. E.M.P. was detained in May 2025 at his Master Calendar Hearing in immigration court following the dismissal of his removal proceedings. E.M.P. remains detained as of this writing.

3. After E.M.P. was detained, my office submitted two appeals to the Board of Immigration Appeals regarding his case: (1) an appeal of a denied motion to reconsider the dismissal of E.M.P.'s removal proceedings and (2) an appeal of the dismissal itself. As of February 18, 2026, both appeals have been dismissed by the Board.

4. On July 17, 2025, while the appeals were pending at the Board of Immigration Appeals, the Asylum Office conducted a Credible Fear Interview of E.M.P. On information and belief, the Credible Fear Interview was conducted pursuant to a referral from Immigration and Customs Enforcement based on an intention to place E.M.P. in expedited removal proceedings. On March 2, 2026, E.M.P. received notice of a positive credible fear

determination dated February 25, 2026. However, E.M.P. remains detained and has continued to be harmed by the dismissal of his initial removal proceedings and being processed for expedited removal.

5. E.M.P. has now been detained for over nine months, waiting for an opportunity to present his asylum claim, all while imprisoned far from his support system.

6. Through our conversations with E.M.P., it is clear that the effects of his prolonged detention, which is a result of the government's maneuvers to try to subject him to expedited removal, have worsened his mental and physical health. He lost over 30 pounds during the first months of his detention as he lost his appetite almost completely. His mental health has suffered immensely; E.M.P. has had intrusive thoughts in which he blames himself for his detention, believing that he somehow is a bad person whose actions resulted in his detention.

7. I received the information included in this declaration from E.M.P. over a phone call, and he has confirmed that all statements about his immigration history, immigration status, and immigration case are true and correct to the best of his knowledge. It is not feasible for E.M.P. to prepare his own signed declaration, because he is in immigration detention and I am only able to speak to him occasionally by phone. I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in New York, NY on March 3, 2026

_____

Jessica Olive, Esq.

2