UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

   *Plaintiffs*,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,

   *Defendants*.

Case No.: 1:25-cv-0872

## DECLARATION OF BIANCA L. TORRES

I, Bianca L. Torres, upon my personal knowledge, hereby declare as follows:

1. I am over the age of 18 and competent to testify to the facts and matters set forth herein.

2. I incorporate my Declaration, ECF 22-7, and the attached exhibits, as if fully set forth herein. I submit this supplemental declaration to provide an update to the court regarding my client E.I.R.M.'s situation and the harm he has suffered from the government's use of expedited removal.

3. I am an attorney at The Law Office of Bianca L. Torres, PLLC, and I am an attorney in good standing of the State Bar of Arizona. I represent E.I.R.M., a national of Mexico who was paroled into the United States at a port of entry in November 2023 following a CBP One appointment and was subsequently targeted and processed for expedited removal. E.I.R.M. is a member of The Coalition for Humane Immigrant Rights (CHIRLA).

4. On October 29, 2025, the Board of Immigration Appeals (BIA) dismissed E.I.R.M.'s appeal of the Immigration Judge's dismissal of his Section 240 immigration proceedings

in May 2025. In October 2025, while his appeal was pending, he was released from detention on bond.

5. I, as E.I.R.M.'s attorney, have not received a copy of his I-860, nor an ER order. E.I.R.M. married his fiancée, who is a U.S. citizen, while in detention. E.I.R.M. and his now wife were living together before he was detained and often talked about their future. However, when E.I.R.M. was detained, they quickly saw they could not take for granted the time they had together. They wanted to start their future together, no matter what country E.I.R.M. would be in.

6. After E.I.R.M.'s release from custody, his wife filed a family-based visa petition for E.I.R.M. and they filed an adjustment of status application with USCIS. Soon after they filed the petition, he received a notice to report to ICE for removal on December 30, 2025. E.I.R.M.'s wife called the ICE office to inquire about the letter they received. She was told there was nothing they could do and E.I.R.M. would be removed even though he has a pending application for adjustment of status with USCIS. E.I.R.M. was very perplexed and frightened, particularly because he had just been released from custody two months prior. Despite his fear, he appeared for his ICE appointment. Luckily, the ICE officer did not follow through with his removal and E.I.R.M. was not re-detained at that time.

7. I am aware of the position that Defendants began taking in or around September 2025 in the course of this litigation that they can subject paroled individuals like E.I.R.M. to expedited removal pursuant to their regulatory authority (8 C.F.R. § 235.3(b)(1)(i), which refers to the "arriving alien" definition at 8 C.F.R. § 1.2 that includes paroled individuals), despite the district court's order from August 1, 2025. As a result, I

understand E.I.R.M. to be at imminent risk of being re-detained and subjected to expedited removal at any time pursuant to 8 C.F.R. § 235.3(b)(1)(i).

8. E.I.R.M. and his wife are in constant fear that he may be re-detained or removed because his BIA appeal has been dismissed. They cannot plan for their future together because they are in a state of constant worry that E.I.R.M. could be re-detained or removed at any time. They cannot freely travel because E.I.R.M still has to check in periodically with ICE and is only able to travel within a certain parameter within Arizona. They cannot move to another city or make large purchases or other long-term, concrete plans, because there is such fear that E.I.R.M. could be re-detained or removed at any given moment.

9. I, as the legal representative of E.I.R.M., have personal knowledge of the statements about his immigration history, immigration status, and immigration case. I further declare that these statements are true and correct to the best of my knowledge.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in Mesa, Arizona on 2/27/2026 (date).

_____
Bianca L. Torres, Esq.

3