**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE
IMMIGRANT RIGHTS, *et al.*,

      Plaintiffs,

      v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, *et al.*,

      Defendants.

Case No. 1:25-cv-00872 (JMC)

Hon. Jia M. Cobb

**DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT
BRIEFING PENDING THE COURT OF APPEALS'S RESOLUTION
OF DEFENDANTS' APPEAL; ALTERNATIVELY, DEFENDANTS'
UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' SUMMARY JUDGMENT MOTION**

**INTRODUCTION**

The Court should stay briefing with regard to Plaintiffs' motion for partial summary judgment (SJ). As explained below, Plaintiffs raise issues in their motion which are currently pending before the Court of Appeals for the District of Columbia (D.C. Circuit), including the primary merits question in this case: whether aliens paroled at ports of entry are subject to expedited removal under 8 U.S.C. §1225(b)(1). Briefing in the D.C. Circuit is complete and that Court has scheduled oral argument for March 16, 2026, less than two weeks away. No. 25-5289. A stay is warranted to promote judicial economy and preserve the parties' resources by avoiding duplicative and (likely) unnecessary briefing in light of a forthcoming decision from the Court of Appeals.

If the Court denies Defendants' motion for a stay, Defendants request a 30-day extension of time, from March 17, 2026 to April 16, 2026, to file a response to the SJ motion. Undersigned

1

counsel has contacted Plaintiffs' counsel to obtain their position on Defendants' motions. Plaintiffs oppose Defendants' motion to stay SJ briefing. Plaintiffs consent to Defendants' alternative request for a 30-day extension of time to file their opposition to Plaintiffs' SJ motion, with a due date of April 16, 2026, if Defendants similarly consent to a 14-day extension of time for Plaintiffs' reply, with a due date of May 7, 2026 (to which Defendants consent).

## RELEVANT BACKGROUND

1. On August 1, 2025, the Court granted Plaintiffs' motion for a stay of agency action pursuant to 5 U.S.C. §705. ECF No. 41. In its opinion, the Court concluded, *inter alia*, that (1) Plaintiffs' claims were redressable (*id.* at 33-38); (2) the challenged agency actions exceeded the Department of Homeland Security's (DHS) authority to apply expedited removal to aliens who had been paroled (*id.* at 44-65), including its conclusion that the "arriving in" provision does not authorize expedited removal of parolees, (*id.* at 57-66); and (3) the challenged actions were arbitrary and capricious under the Administrative Procedure Act (APA) (*id.* at 65-73). The Court also rejected Defendants' arguments that 8 U.S.C. §1252(f)(1) precluded the Court from granting a §705 stay, and that under traditional equitable principles, relief should be limited to Plaintiffs' members. *Id.* at 27-30; 80-83.

2. On August 5, 2025, Defendants filed a notice of appeal of the Court's §705 stay order. No. 25-5289 (D.C. Cir.). On November 17, 2025, Defendants filed their opening brief on appeal seeking review of the Court's decision, including the issues identified in paragraph 1 above. *See* Exhibit A (opening brief). Briefing in the D.C. Circuit was completed on February 17, 2026, when Defendants filed their reply brief. No. 25-5289. In addition to the parties' briefs, four amici have filed briefs further elaborating on some of the issues raised in the appeal. *Id.* The D.C. Circuit has scheduled oral argument on Defendants' appeal for March 16, 2026. *Id.*

2

3.  In light of the pending D.C. Circuit proceedings, the parties jointly filed on August 14, 2025, a motion to vacate the Defendants' deadline to answer the complaint.  ECF. No. 50.  This Court granted the motion the same day.  *See* Electronic Order dated August 14, 2025.  The Court's order directed the parties to file a joint status report within 10 days of a decision from the D.C. Circuit regarding Defendants' appeal of the Court's stay order.[1]

4.  On March 3, 2026, Plaintiffs filed a Motion for Summary Judgment and a 45-page Memorandum of Law in support thereof, along with a 37-page Statement of Facts, and numerous supporting declarations.  Two of the issues Plaintiffs raise in their SJ motion are currently pending before the D.C. Circuit.  Defendants' response to the SJ Motion is currently due March 17, 2026.  *See* LCvR7(b) (providing for 14 days to respond to a motion).

## ARGUMENT

### The Court Should Stay Summary Judgment Briefing
### Pending a Decision by the D.C. Circuit.

1. "[T]he primary reason for holding a case in abeyance is to promote judicial economy." *Utah by & through Cox v. Env't Prot. Agency*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025).  "Abeyance may be warranted when there are legitimate developments that could obviate the need for judicial review …." *Id.*  Here, a stay of briefing on Plaintiffs' SJ motion is warranted to conserve the Court's and parties' resources by avoiding another round of extensive briefing on issues that are currently pending before the D.C. Circuit and may be resolved by that Court soon.  Briefing in the D.C. Circuit is complete and oral argument is just days away.  The

---

[1] As part of the agreement by the parties to vacate Defendants' deadline to answer the complaint, Defendants agreed to produce the agency records in this case.  Defendants complied with this agreement by serving the Plaintiffs with the agency records on December 1, 2025.  *See* Electronic Order dated November 13, 2025

D.C. Circuit's resolution of the appeal is likely to significantly narrow the issues for summary judgment, thereby preventing duplication of briefing and preserving resources.

Specifically, in their SG motion Plaintiffs argue that parolees do fall not within the "arriving in" language of 8 U.S.C. §1225(b)(1)(A)(i), and therefore the arriving alien regulation at 8 C.F.R. §1.2 is "contrary to law."  Plaintiffs' SJ Motion (hereafter "Mot.") at 18-40 (addressing the interpretation of "arriving in," the statutory scheme and legislative history).  But the D.C. Circuit is considering that precise issue which is at heart of this litigation and raises a purely legal question of statutory interpretation.  *See* Ex. A. 30-37; *see also* No. 25-5289, Government Reply Brief at 8-21 (addressing "arriving in," statutory scheme and responding to Plaintiffs' legislative history arguments a well as Amici's arguments); No. 25-5289, Brief of Amici Curiae Immigration and Constitutional Scholars at 11-23 (addressing whether Congress intended to apply expedited removal to parolees and discussing legislative history).  If the Court of Appeals addresses this issue in any way, it is likely to directly impact further briefing in this Court allowing the parties to avoid "the unnecessary expense, the undue burden, and the expenditure of time" of additional briefing and preserving the Court's resources as well.[2]  *See Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No., 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011).[3]

---

[2] Plaintiffs' SJ Motion also duplicates briefing on the issue of whether the challenged agency actions were "arbitrary and capricious" under the APA.  *See* Mot. at 41-44.  The D.C. Circuit is considering that precise issue as well.  *See* Ex. A. at 45-47.

[3] *See also Halbig v. Sebelius*, No. CV 13-0623 (PLF), 2013 WL 12318483, at *1 (D.D.C. Oct. 15, 2013) (finding that "it is in the interest of judicial economy to stay briefing on plaintiffs' summary judgment motion until after the Court has resolved defendants' motion to dismiss"); *STA Pharms. US, LLC v. Thakkar, No. 24-CV-4201 (NEB/JFD)*, 2025 WL 2410130, at *2 (D. Minn. Mar. 24, 2025) ("[W]aiting for the Eighth Circuit to rule on the enforceability of the non-compete provisions will promote judicial economy, for both the Court and the parties").

Further, if the D.C. Circuit addresses one of the Government's threshold arguments on appeal, that may impact the current proceedings before this Court as well. For example, the D.C. Circuit may conclude that Plaintiffs' claims are not redressable because this Court's stay order did not enjoin the arriving alien regulations at 8 C.F.R. §§1.2, 235.3, and the Government has been applying expedited removal to parolees based on these regulations. *See* Ex. A at 22-30. In that event, it may be judicious to limit briefing in this Court initially to the jurisdictional question of whether Plaintiffs' challenge to those regulations is untimely, *see* Mot. at 9-18, before entertaining briefing on all of the issues raised in Plaintiffs' SJ motion because, if the Court concludes that Plaintiffs' challenge is untimely, that may dispose of the case on standing/lack-of-redressability grounds. Likewise, if the D.C. Circuit concludes that 8 U.S.C. §1252(f)(1) and/or *Trump v. CASA, Inc.*, 606 U.S. 831, 851-52, 859 (2025), limits what relief the Court can provide, *see* Ex. A at 54-66, that ruling could have implications for what relief the Court can issue on summary judgment. *See also* Mot. at 44-45 (arguing that vacatur and declaratory relief is appropriate under the APA). In sum, the D.C. Circuit's resolution of the Government's appeal is almost certain to impact what, if any, further briefing is appropriate in this case.

Finally, allowing briefing to proceed on Plaintiffs' motion at this time is even less economical because their motion is a *partial* SJ motion. It does not address Claim 3, through which Plaintiffs allege a violation of the Due Process Clause. *See* Dkt. 21 at 48, ¶¶159-62. Nor does it address Defendants' authority to apply expedited removal to parolees through the Secretary's designation authority as set forth at 8 U.S.C. §1225(b)(1)(A)(iii).

2. Plaintiffs and their members will not be harmed or otherwise suffer prejudice from a stay of SJ briefing. The Court's §705 stay order has remained in effect since August 1, 2025, and will continue to remain in effect at least until the D.C. Circuit resolves Defendants' appeal. And

Plaintiffs have already agreed to stay the deadline for Defendants to file an answer to the amended complaint pending a decision by the D.C. Circuit.  While it is true that DHS continues to apply expedited removal to paroled arriving aliens under its arriving alien regulations at 8 C.F.R. §§1.2 and 235.3(b)(1)(i), *see* Ex. A at 17, Plaintiffs have never contended that the Court's stay order enjoins Defendants from applying those regulations to parolees because Plaintiffs "have not moved for preliminary relief as to it."  ECF No. 28, at 23 n.12.  In fact, counsel for Plaintiffs conceded that point at the stay-motion hearing on July 9, 2025.  ECF No. 35, at 6:22-7:1.

Further, while Plaintiffs requested in October 2025 that Defendants produce the agency records "to allow briefing on Plaintiffs' forthcoming motion for partial summary judgment" (ECF No. 51 at 1), they have waited more than three months from the date of receiving those records (December 1, 2025) before filing their SJ motion.  Thus, a stay will not prejudice Plaintiffs.  This is especially true given that the D.C. Circuit will hold argument on Defendants' appeal in just days and could decide the appeal any time thereafter.  Thus, the Court should order further briefing stayed and direct the parties to file a joint status report within 10 days of a decision from the D.C. Circuit regarding Defendants' appeal of the Court's stay order.

3. If the Court denies Defendants' request for a stay of briefing, Defendants alternatively move for a 30-day extension of time, from March 17, 2026 to April 16, 2026, to file their response to Plaintiffs' SJ motion. Plaintiffs consent to Defendants' motion for an extension of time if Defendants similarly consent to a 14-day extension of time for Plaintiffs' reply, with a due date of May 7, 2026 (to which Defendants consent).

An extension is necessary because Defendants' counsel have several litigation deadlines in the coming weeks, including:  *Amica v. EOIR*, No. 26-696 (D.D.C) (hearing scheduled for Mar. 6, 2026); *CHIRLA v. Noem*, No. 25-5289 (D.C. Cir) (oral argument scheduled for Mar. 16, 2026);

*Molina-Diaz v. Bondi*, No. 25-2091 (1st Cir.) (Gov't brief due Mar. 19, 2026) (intending to seek extension of time); *E.V. v. Raycraft*, No. 26-3015 (6th Cir.) (Gov't brief due Mar. 31, 2026); *Movsisyan, et al. v. Bondi*, No. 25-5840 (9th Cir.) (Gov't brief due May 8, 2026). Additionally, undersigned counsel is scheduled to be on leave the last week of March, 2026 for a pre-scheduled family trip.

## CONCLUSION

The Court should grant Defendants' motion for a stay of summary judgment briefing pending a decision by the D.C. Circuit on Defendants' appeal of the Court's Section 705 stay order. In the alternative, the Court should grant Defendants a 30-day extension of time, from March 17, 2026 to April 16, 2026, to file a response to the SJ motion.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
Deputy Assistant Attorney General
TYLER BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

s/ *Papu Sandhu*
PAPU SANDHU
*Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
(202) 616-9357

Dated:  March 5, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2026, I electronically filed this Motion with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system.  Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Papu Sandhu
PAPU SANDHU
Assistant Director
U.S. Department of Justice

8