**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE IMMIGRANT RIGHTS,
*et al.*,

    *Plaintiffs*,

    *v.*

KRISTI NOEM, in her official capacity as Secretary of
Homeland Security, *et al.*,

    *Defendants*.

Case No.: 1:25-cv-0872 (JMC)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**
**SUMMARY JUDGMENT BRIEFING PENDING THE COURT OF APPEALS'**
**RESOLUTION OF DEFENDANTS' APPEAL**

Defendants' motion to stay summary judgment briefing (Dkt. No. 59) pending a decision on their interlocutory appeal of the Court's order staying the challenged directives is entirely unjustified. Such a stay of proceedings pending appeal would be an "extraordinary remedy." *Grundmann v. Trump*, 786 F. Supp. 3d 188, 190 (D.D.C. 2025); *accord Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985). Defendants have not come close to showing that responding to a motion for summary judgment would cause them any hardship warranting such exceptional relief. In fact, it is Plaintiffs and their members who are suffering and will continue to suffer hardship if proceedings are stayed, because despite this Court's prior order staying the Challenged Directives,[1] Dkt. No. 41, Defendants have for months continued to subject

---

[1] Plaintiffs use "Challenged Directives" to describe the January 23 Huffman Memorandum, February 18 ICE Directive, and March 25 CHNV Termination Notice, all of which purported to authorize subjecting parolees to expedited removal. *See* Dkt. No. 41 at 19–22.

parolees to expedited removal by shifting to relying upon regulatory authority that this Court recognized was *ultra vires, id.* at 53.

Contrary to Defendants' suggestions, a decision from the D.C. Circuit concerning this Court's August 2025 decision will not resolve the issues in the motion for summary judgment: the order on appeal was adjudicated in a *preliminary* posture, and it does not address Plaintiffs' challenge to the inclusion of paroled individuals in the definition of "arriving alien" at 8 C.F.R. § 1.2, among other things. Indeed, one of Defendants' chief arguments on appeal is that Plaintiffs' decision not to seek preliminary relief with respect to Section 1.2 defeats redressability and standing and justifies reversal—an argument they press even as they, in the same breath, ask this Court to indefinitely stay summary judgment briefing on Section 1.2 itself. *See* Dkt. No. 59 at 5. Defendants cite no reason why this Court should not proceed in the regular course while their interlocutory appeal is pending.

The Court should deny Defendants' motion for a stay and order that summary judgment briefing proceed on the schedule requested by the parties: that Defendants' response to Plaintiffs' motion be due April 16, 2026, and that Plaintiffs' reply be due May 7, 2026.

## LEGAL STANDARD

Defendants have the burden of meeting the "stringent standard[s]" to justify the "extraordinary remedy" of staying proceedings. *Grundmann*, 786 F. Supp. 3d at 190 (discussing the four traditional factors required for a stay); *see also Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) ("The proponent of a stay bears the burden of establishing its need." (citation and internal quotation marks omitted)). Defendants must "make out a clear case of hardship or inequity in being required to go forward, . . . [i]f there is even a fair possibility that the stay . . . will work damage to some one [sic] else." *Id.* (internal quotation marks omitted; citing

2

*Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts consider: (1) harm to the non-moving party if a stay is granted, (2) harm to the moving party if a stay is not granted (in other words, the moving party's "need" for a stay), and (3) whether a stay would promote efficient use of the court's resources." *Id*.

Defendants face an even heavier burden in requesting a stay of proceedings pending an interlocutory appeal of preliminary relief. It is black-letter law that an interlocutory appeal does *not* warrant a stay of district court proceedings. *See Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 161–62 (1906) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken," and "the other proceedings in the lower court are *not to be stayed*.") (emphasis added); *see also Garner v. United States*, No. 25-5335, 2026 WL 69397, at *2 (D.C. Cir. Jan. 8, 2026) (per curiam) (collecting cases). An interlocutory appeal does not divest this Court of jurisdiction to enter final judgment, *see Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 26 (D.D.C. 2013), and barring extraordinary circumstances district courts generally should proceed on the merits when the pending appeal concerns an order providing relief in a preliminary posture, *see* 16 *Wright & Miller's Federal Practice & Procedure* § 3921.2 (3d ed. 2025) (citing, inter alia, *Soc'y for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975)).

## ARGUMENT

## I. THE BALANCE OF HARMS WEIGHS HEAVILY AGAINST A STAY OF PROCEEDINGS

Defendants do not establish any "hardship" to the government, much less the "clear case" necessary to justify holding summary judgment briefing in abeyance, *Landis,* 299 U.S. at 254–55, especially weighed against the irreparable harm to Plaintiffs and their members that Defendants

continue to inflict based on a regulation that is the principal subject of the summary judgment motion.

This Court has held Plaintiffs' members face imminent, irreparable harm from being subjected to expedited removal. Dkt. No. 41 at 5, 73–77. Notwithstanding this Court's stay of agency action and its determination that the regulatory definition of "arriving alien" at 8 C.F.R. § 1.2 is "*ultra vires* to the extent it subjects parolees to expedited removal," Dkt. No. 41 at 53, "DHS continues to apply expedited removal to paroled arriving aliens under its arriving alien regulations at 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i)." Dkt. No. 59 at 6; *see also* Reply Brief for Appellants at 4–5, 26, Doc. No. 2159516, *CHIRLA v. Noem*, No. 25-5289 (D.C. Cir. Feb. 17, 2026). Plaintiffs' members are among those that Defendants are actively detaining, separating from their families, and processing for expedited removal. *See* Dkt. Nos. 55-3–55-11. Defendants would defer this Court's consideration of additional relief for Plaintiffs' members for months or longer, as the D.C. Circuit considers an appeal that will not speak to Plaintiffs' challenge to Section 1.2.[2] Delaying summary judgment briefing in this way will only prolong and compound the harm that paroled noncitizens are suffering.

On the other hand, Defendants have identified no harm from being required to respond to Plaintiffs' motion for summary judgment; nor have they substantiated any harm with declarations or other admissible evidence. *See* Dkt. No. 59 at 5–7. They justify the request for abeyance only by speculating that a decision regarding the Court's stay on appeal "may" render the summary judgment briefing unnecessary and require subsequent additional briefing. *Id.* at 3–5. But this is

---

[2] Although oral argument has been scheduled, it takes the D.C. Circuit a median of *five months* to issue a final opinion or order after that. *See* U.S. Courts, Admin. Office, Judicial Business 2024 tbl. B-4A, Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2024, https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf.

the usual course of litigation. *See, e.g.*, *Aviel v. Gor*, No. 25-778, 2025 WL 2374618, at *7 (D.D.C. Aug. 14, 2025) (granting summary judgment where "[d]uring the pendency of the emergency . . . motion [to stay a preliminary-injunction order] before the D.C. Circuit, the parties proceeded to brief summary judgment"); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) (discussing district court proceedings that resulted in grant of summary judgment and permanent injunctive relief while appeal of preliminary injunction was pending). Merely having to "defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 21 (citation omitted). Defendants fall far short of establishing such a "clear case." *Landis,* 299 U.S. at 254–55.[3] Accordingly, the balance of harms weighs against staying summary judgment briefing.

## II.  JUDICIAL ECONOMY DOES NOT JUSTIFY A STAY BECAUSE THE APPEAL WILL NOT RESOLVE ISSUES IN THE MOTION FOR SUMMARY JUDGMENT

Defendants' argument that Plaintiffs' summary judgment motion implicates issues in the pending appeal, Dkt. No. 59 at 3–5, mischaracterizes the scope of the appeal, the scope of Plaintiffs' summary judgment motion, and the nature of Plaintiffs' claims. Plaintiffs have moved for summary judgment on a far broader range of issues than are presented in the appeal. For one, the summary judgment motion is the first time Plaintiffs are moving on and requesting relief as to the regulatory definition of "arriving alien," and the first time Plaintiffs are challenging the Challenged Directives as arbitrary and capricious based on the administrative records produced by

---

[3] The argument that litigating this case will cause Defendants hardship is even more unconvincing here, where Defendants have "substantial . . . resources" and are represented by "counsel for the United States." *See Ctr. for Biological Diversity,* 419 F. Supp. 3d at 21–22 (declining to countenance hardship from "having to divert resources to this litigation" where "defense of [the] suit . . . falls largely to lawyers at the Department of Justice"). Any potential hardship relating to Defendants' counsel's overlapping litigation deadlines would be addressed if the Court grants the requested extensions of the parties' summary judgment briefing deadlines. *See* Dkt. No. 59 at 6–7.

Defendants. Additionally, unlike the prior preliminary relief proceedings on appeal, Plaintiffs'

motion for summary judgment seeks final resolution on Plaintiffs' First, Second, Fourth, and Fifth

Claims. *See* Dkt. No. 55 (requesting final judgment as to those counts under Federal Rule of Civil

Procedure 56).[4] Specifically, the motion seeks permanent vacatur of the Challenged Directives

insofar as they subject noncitizens previously granted parole at ports of entry to expedited removal,

and of the regulatory definition of "arriving alien" insofar as it encompasses paroled individuals.

Dkt. No. 55. The present motion also seeks declaratory relief regarding these agency actions and

their unlawful applications. *Id.* Even if the D.C. Circuit reverses or vacates this Court's stay of the

Challenged Directives, its decision would not "resolve[]" the issues in Plaintiffs' motion for

summary judgment. Dkt. No. 59 at 3; *New York State Nat'l Org. for Women*, 886 F.2d at 1350

("[W]hen the judgment appealed from does not determine the entire action . . . the district court

may proceed with those matters not involved in the appeal.").

Defendants' only response is to posit a series of speculative arguments that "if" the D.C.

Circuit comes out a certain way on certain threshold issues, its ruling "may" have some attenuated

effects on summary-judgment briefing. Dkt. No. 59 at 5. This line of argument is far too speculative

to justify a pause of the case. *See Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137, 139–

40 (D.D.C. 2016) (finding that "the future effect of any decision by the D.C. Circuit on the

interlocutory appeal," including claims of "impact of further proceedings on [Defendants'] time

and resources," was "highly speculative" and "not the proper basis for staying [district court]

proceedings."). Where, as here, a decision on the appeal would not "'all but certainly resolve' the

---

[4] Defendants argue that Plaintiffs' motion for summary judgment should not be permitted to proceed because it does not address Plaintiffs' Claim 3 alleging a violation of the Due Process Clause. Dkt. No. 59 at 5. If this Court grants summary judgment in Plaintiffs' favor on these Claims, Plaintiffs intend to dismiss Claim 3 without prejudice. Dkt. No. 55 at 1 n.1.

merits of this case," a stay is not warranted. *Id.* at 137. Indeed, on appeal Defendants themselves argue that "the question of whether a court may grant universal interim relief under [APA] §705 is distinct from the question whether a court may grant universal vacatur under §706." Brief for Appellants at 64, Doc. No. 2145851, *CHIRLA v. Noem*, No. 25-5289 (D.C. Cir. Nov. 17, 2025). ("[I]t is one thing for a court to grant universal vacatur at the end of a case based on a definitive determination that agency action is unlawful; it is quite another for a court to grant universal relief at a preliminary stage based on a tentative finding that the plaintiff is likely to succeed on the merits."); Dkt. No. 55-1 at 44–45 (requesting universal vacatur under § 706).[5]

Finally, to the limited extent there is overlap between the summary judgment motion and the Court's August 1, 2025 Order, Defendants' assertion that the overlap means summary judgment proceedings should be stayed ignores that the Court's prior determination was only in a preliminary posture. For example, this Court considered the question of whether parole beneficiaries are considered "arriving" only in the context of deciding whether success on the merits was likely and whether to preserve the status quo absent the unlawful agency action "while this case proceeds." Dkt. No. 41 at 32, 83. In the summary judgment posture, this Court will apply different legal standards to decide the actual merits of the question and rule on Plaintiffs' entitlement to permanent relief. Thus, proceeding with summary judgment briefing pending appeal will not lead to "duplicative" or "unnecessary" briefing. Dkt. No. 59 at 1.

---

[5] The difference between the preliminary relief Defendants are challenging on appeal and the final relief Plaintiffs are now seeking that Defendants wish to forestall is actually central to *Defendants'* arguments on appeal, where they continue to press the argument that the absence of relief as to 8 C.F.R. § 1.2 defeats Plaintiffs' claims of redressability and standing. If the D.C. Circuit credits this argument, a decision by this Court on the pending summary judgment motion would resolve that concern. Indefinitely delaying consideration of the summary judgment motion would thereby also indefinitely delay the resolution of that critical issue.

As Plaintiffs' summary judgment motion raises issues not previously addressed by this Court, or addressed at different procedural stages, Defendants' contention that the pending appeal will resolve any issues in the summary judgment motion is speculative at best. Judicial economy therefore does not justify Defendants' requested stay of these proceedings.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to stay summary judgment briefing.

Dated: March 11, 2026

Respectfully submitted,

*/s/Hillary Li*
Hillary Li (GA0052)
Esther H. Sung (CA00132)
Karen C. Tumlin (CA00129)
Laura Flores-Perilla (admitted *pro hac vice*)
Brandon Galli-Graves (admitted *pro hac vice*)
Vanessa Rivas-Bernardy (admitted *pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
vanessa.rivas@justiceactioncenter.org

Tom-Tsvi M. Jawetz (*pro hac vice*)
*JAC Cooperating Attorney*
1358 Jefferson St. NW
Washington, DC 20011
Telephone: (202) 413-5208
Tom.Jawetz@gmail.com

Carl Bergquist (*pro hac vice*)
**COALITION FOR HUMANE IMMIGRANT RIGHTS**
2533 West 3rd St, Suite 101

Los Angeles, CA 90057
Telephone: (310) 279-6025
cbergquist@chirla.org

Shana Khader (D.D.C. Bar No. 90011926)
**CASA, INC.**
P.O. Box 7277
Hyattsville, MD 20787
(240) 406-4348
skhader@wearecasa.org

*Attorneys for Plaintiffs*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/Hillary Li*
Hillary Li