**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,[1]<br><br>Defendants. | Case No. 1:25-cv-00872 (JMC)<br><br>Hon. Jia M. Cobb |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants inform the Court of the D.C. Circuit's decision in *Coal. for Humane Immigrant Rts. v. Mullin*, --- F.4th ---, 2026 WL 2317908 (D.C. Cir. Aug. 11, 2026) (attached). In that decision, the D.C. Circuit vacated this Court's August 1, 2025 stay of various Department of Homeland Security (DHS) guidance documents. The D.C. Circuit found that Plaintiffs lacked standing to seek a stay of the DHS documents under 5 U.S.C. § 705 because of a "fatal redressability problem," namely that "the stay the plaintiffs requested would not affect the Government's authority to continue subjecting the plaintiffs to expedited removal under 8 C.F.R. § 1.2, the regulation permitting the Government to subject parolees to expedited removal." *Id.* at *5.

In reaching this conclusion, the D.C. Circuit rejected the Plaintiffs' counterarguments. *Id.* at *6. First, the D.C. Circuit was not persuaded by the argument that "the district court's stay will decrease the rate of expedited removals because parolees were subjected to expedited removal

[1] Markwayne Mullin is substituted for Kristi Noem as the current Secretary of the Department of Homeland Security. *See* Fed. R. Civ. Pro. 25(d).

proceedings at higher rates after the Huffman Memorandum and ICE Email." *Id.* The D.C. Circuit reasoned that, given the "continued availability of expedited removal under 8 C.F.R. § 1.2," "plaintiffs have not shown that the district court's stay will decrease the rate of expedited removal." *Id.* The Court further noted that "it is undisputed that since last year, the Government has indeed been relying on § 1.2." *Id.* "Given that recent history and the Government's new enforcement priority for the expedited removal of parolees, the plaintiffs have failed to show that the Government could not (or would not) continue to rely on § 1.2 to maintain an increased rate of expedited removals." *Id.* The D.C. Circuit also rejected Plaintiffs' argument that "the Government cannot rely on 8 C.F.R. § 1.2 because it is unlawful," reasoning that "plaintiffs did not seek a stay of § 1.2. So the requested relief would change nothing." *Id.*

The D.C. Circuit's redressability holding is directly relevant to the parties' summary judgment motions pending before this Court addressing the same issue. *See* Dkt. 69 at 27-32 (Defendants arguing that Plaintiffs' harms from the challenged guidance documents are not redressable); Dkt. 74 at 22-27 (same). The redressability holding is also dispositive of this case because Plaintiffs cannot obtain any effective relief given that their challenge to 8 C.F.R. § 1.2 is untimely. *See* Dkt. 69 at 11-12; 27-28 ("the lack of redressability is dispositive and requires dismissal of all the claims in the amended complaint"); Dkt. 74 at 8-9; 26-27.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

*s/ Papu Sandhu*
PAPU SANDHU
(Mass. Bar No. 630090)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
(202) 616-9357
Counsel for Defendants
Email: papu.sandhu@usdoj.gov

August 20, 2026

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I electronically filed this NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Papu Sandhu*
PAPU SANDHU
Assistant Director
U.S. Department of Justice