**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

*Plaintiffs*,

*v.*

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

*Defendants*.

Case No.: 1:25-cv-0872

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. No. 55)**

Plaintiffs respectfully submit this notice regarding two recent district court decisions and a recent federal circuit court decision supporting their motion for partial summary judgment. Dkt. No. 55.

In *Vargas Mesa v. Nessinger*, No. 26-cv-566-JJM-PAS, 2026 WL 2474683 (D.R.I. Aug. 24, 2026), and *de Jesus Santos v. Mullin*, --- F. Supp. 3d ----, 2026 WL 2390130 (D. Mass. Aug. 17, 2026), district courts recently concluded that noncitizens previously granted parole cannot subsequently be treated as "arriving in the United States." *Vargas Mesa,* 2026 WL 2474683, at *4-5 (declining to credit "DHS's interpretation of 'arriving' [in 8 C.F.R. § 1.2]," which "transforms a present-tense process description enacted in a statute into a permanent irrevocable legal status lasting indefinitely—regardless of how long someone has actually lived in this country") (citing *de Jesus Santos,* 2026 WL 2390130, at *16). Consistent with Plaintiffs' argument in their motion for summary judgment, *see* Dkt. No. 55 at 19-23, the *Vargas Mesa* court explains that the expedited removal statute "use[s] the present participle 'arriving in'—an active, ongoing description of

someone currently in the process of reaching the country . . . [which] is not a status label that attaches permanently upon first contact with the border," but . . . "describes what someone is doing at the moment of coming across." *Vargas Mesa,* 2026 WL 2474683, at *5 (citing *de Jesus Santos,* 2026 WL 2390130, at *14). "Someone who . . . was processed, paroled, and has lived in the [United States] for [years] is not 'arriving' in any ordinary sense of that word. Their arrival is long complete." *Id; cf.* Dkt. No. 55 at 19-23. Although these two cases pertain to noncitizens granted parole under different circumstances than those directly at issue in this case, the tools of statutory interpretation applied by the courts as well as the conclusions reached are instructive.

In *Yanez Piedra v. Blanche*, --- F.4th ----, 2026 WL 2470119 (4th Cir. Aug. 24, 2026), the Fourth Circuit's conclusion that the petitioner was not an "alien convicted of" a controlled-substance offense under 8 U.S.C. § 1182(a)(2)(A)(i) turned on the fact that the conviction had been *vacated*. *Yanez Piedra*, 2026 WL 2470119, at *6 (holding "a court may not consider vacated convictions" when determining whether a person is an "alien convicted of" a controlled substance offense under § 1182(a)(2)(A)(i)). The Fourth Circuit held the Board of Immigration Appeals' conclusion otherwise was erroneous because it conflicted with "the statutory text and the background principles against which Congress wrote"—namely, the "background vacatur principle" central to the holding of *Hewitt v. United States*, 606 U.S. 419 (2025). *Id.* at *4-6. In the context of § 1182(a)(2)(A)(i), the background vacatur principle supported reading the phrase "any alien convicted of" as a "legal-status question," because "[a] criminal defendant whose judgment of conviction has been vacated . . . is to be treated going forward as though he were never convicted." *Id.* at *5 ("Under this principle, a person whose only conviction has been vacated is not a 'person convicted of' anything.").

*Yanez Piedra* also emphasized that "[t]he vacatur principle from *Hewitt* is far from new," and discussed how the Supreme Court four decades ago applied it to interpret a statute, 18 U.S.C. § 1202(a)(1), that imposes liability on "any person who . . . '*has been convicted*' . . . 'of a felony'" who receives, possesses, or transports a firearm. *Yanez Piedra*, 2026 WL 2470119, at *5 (citing *Lewis v. United States*, 445 U.S. 55, 60 (1980) (emphasis added)). The Fourth Circuit explained that in *Lewis*, "the Court read in an implicit exception for vacated convictions" based upon the "'common-sense notion that a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated.'" *Id.* (quoting *Lewis*, 445 U.S. at 61 n.5).

There is no suggestion in this case that grants of parole have been vacated. Rather, where grants of parole have been terminated or expired, they have continued to have legal effects and "continued validity," confirming that a noncitizen previously paroled into the country remains a noncitizen who "has been . . . paroled" subsequent to the end of their parole. Dkt. No. 71 at 33-34. Just as a sentence "has not been imposed" only if that sentence has been vacated and a person "has been convicted" so long as that conviction has not been vacated, a person who has been paroled into the country does not become someone who "has not been paroled" simply because their parole status has expired or been terminated. Defendants' unexplained assumption that terminated or expired parole can be equated with a vacated conviction—in complete disregard of the unique nature of vacatur itself—is without merit. *See* Dkt. No. 71 at 34; Dkt. No. 69 at 34.

Dated: September 3, 2026

Respectfully submitted,

*/s/Hillary Li*
Hillary Li (GA0052)
Esther H. Sung (CA00132)
Karen C. Tumlin (CA00129)
Laura Flores-Perilla (admitted *pro hac vice*)
Brandon Galli-Graves (admitted *pro hac vice*)
Vanessa Rivas-Bernardy (admitted *pro hac vice*)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
hillary.li@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
vanessa.rivas@justiceactioncenter.org

Tom-Tsvi M. Jawetz (*pro hac vice*)
*JAC Cooperating Attorney*
1358 Jefferson St. NW
Washington, DC 20011
Telephone: (202) 413-5208
Tom.Jawetz@gmail.com

Carl Bergquist (*pro hac vice*)
**COALITION FOR HUMANE IMMIGRANT RIGHTS**
2533 West 3rd St, Suite 101
Los Angeles, CA 90057
Telephone: (310) 279-6025
cbergquist@chirla.org

Shana Khader (D.D.C. Bar No. 90011926)
**CASA, INC.**
P.O. Box 7277
Hyattsville, MD 20787
(240) 406-4348
skhader@wearecasa.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify on September 3, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF filing system.

*/s/ Hillary Li*
Hillary Li (GA0052)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
hillary.li@justiceactioncenter.org