**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00872 (JMC)<br><br>Hon. Jia M. Cobb |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

Defendants respond to Plaintiffs' Notice of Supplemental Authority (Dkt. 81), which notified the Court of three recent decisions: (1) *Vargas Mesa v. Nessinger*, No. 26-cv-566-JJM-PAS, 2026 WL 2474683 (D.R.I. Aug. 24, 2026); (2) *de Jesus Santos v. Mullin*, -- F. Supp. 3d --, 2026 WL 2390130 (D. Mass. Aug. 17, 2026); and (3) *Yanez Piedra v. Blanche*, -- F.4th --, 2026 WL 2470119 (4th Cir. Aug. 24, 2026).

1. First, the district court's decision in *de Jesus Santos* incorrectly concluded that an alien paroled into the United States at a port of entry is not an "arriving alien" for purposes of 8 U.S.C. §1225(b)(1)(A)(i). In doing so, the court overlooked the specialized meaning of the term "arriving" in immigration law based on statutory history and the long-standing entry fiction that a paroled "arriving" alien is not considered to have "entered" the United States. *See de Jesus Santos*, 2026 WL 2390130, at *14; *see also* Dkt. 69 at 33-36; Dkt. 74 at 27-31. The district court further erred by relying on a First Circuit decision addressing a different issue—"whether aliens who are present in the United States after entering without inspection are subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A) or whether they fall instead under § 1226(a)." 2026 WL 2390130,

at *15 (citing *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, -- F.4th --, 2026 WL 2352042 (1st Cir., Aug. 13, 2026)). *Guerrero Orellana* involved a different statutory provision not applicable to expedited removal (8 U.S.C. §1225(b)(2)(A)), and concerned an alien who illegally entered the United States, not one who was paroled at a port of entry. Moreover, the question of the proper scope of §1225(b)(2)(A) has generated a circuit split, and the Government has filed a petition for certiorari of the Sixth Circuit's decision on that issue which is pending before the Supreme Court. *See Raycraft v. Lopez-Campos*, No. 25-1415, 2026 WL 1848238.

2. The district court's decision in *Vargas Mesa* followed the erroneous analysis of *de Jesus Santos* by also failing to recognize the statutory and historical context of the term "arriving." *See* 2026 WL 2474683, at *5 (relying on *de Jesus Santos*). Moreover, it is unclear from that decision whether the alien illegally entered the United States or was paroled into the country. *Compare id.* at *2 ("[Mr. Vargas] entered the United States *without inspection*") (emphasis added) *with id.* at *4 ("[Mr. Vargas] was paroled into the United States"). If the alien entered illegally (rather than through parole), that raises a different question then the question of the interpretation of the term "arriving."

3. Third, although the Government disagrees with the result in *Yanez Piedra*, 2026 WL 2470119, the Fourth Circuit's statutory interpretation analysis supports the Government's argument that the Designation Provision at 8 U.S.C. §1225(b)(1)(A)(iii) applies to aliens like Plaintiffs' members whose parole into the United States is subsequently terminated.[1] The Fourth

[1] The Fourth Circuit's approach to analyzing the effect of a vacated conviction—namely, considering the text of the relevant inadmissibility/deportability ground or statutory bar (for example, 8 U.S.C. §1182(a)(2)(A)(i) ("alien convicted of")), as opposed to the definition of conviction at 8 U.S.C. §1101(a)(48)(A), conflicts with the approach that other circuits have taken in considering this issue. For example, the First and Eleventh Circuits have held that the plain language of 8 U.S.C. §1101(a)(48)(A) establishes that not all vacated convictions are valid for immigration purposes and that the reason for the vacatur informs its immigration impact. *See*

Circuit began by observing that, although the phrase "any alien convicted of" a controlled substance offense at 8 U.S.C. §1182(a)(2)(A)(i) can be read in "two different ways," "the text and context of the policy suggest that the relevant characteristic must *currently* apply." *Id.* at *5 (emphasis in original). Analogously, here, the Designation Provision refers to the alien's status at the time the alien is placed in removal proceedings. Thus, the better reading of this present perfect tense ("has not been … paroled"), is that it is used to indicate a continuing state, not just a past event. *See Hewitt v. United States*, 606 U.S. 419, 429 (2025) (stating that the use of the present perfect tense "conveys to a listener that the event in question continues to be true or valid"); *see also* Dkt. 69 at 43-45.

The Fourth Circuit also found the "statutory context" relevant, observing that "Congress has used language that lends itself more naturally to a historical-fact reading," in other provisions in the INA, but did not use such language in §1182(a)(2)(A)(i). *Yanez Piedra*, 2026 WL 2470119, at *5 ("when Congress uses different words in the same act, we have some tendency to think that the difference is meaningful"). Likewise, here Congress could have easily used the past tense: "was paroled," as it did in 8 U.S.C. §1255(a), where it provided that the Attorney General may adjust the status of an alien who "*was* inspected and ... *paroled* into the United States," but did not use such language in 8 U.S.C. §1225(b)(1)(A)(iii). (Emphasis added); *see* Dkt. 69 at 45.

Finally, the Fourth Circuit found its interpretation was supported by *Hewitt*'s "background presumption," "that vacated court orders are void *ab initio* and thus lack any prospective legal

---

*Herrera-Inirio v. INS*, 208 F.3d 299, 305 (1st Cir. 2000); *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1268 (11th Cir. 2003) ("[T]he statutory definition on its face appears to negate for immigration purposes the effect of state rehabilitative measures that purport to expunge or otherwise remove a conviction."). To the best of our knowledge, no circuit has relied on the text of the relevant inadmissibility/deportability ground or statutory bar to determine the immigration impact of a vacated conviction. The Government is currently considering whether to seek further review of the Fourth Circuit's decision.

effect." *Yanez Piedra*, 2026 WL 2470119, at *5. Plaintiffs contend *Yanez Piedra* supports their position because their members' parole grants were terminated, not "vacated." Plaintiffs' Notice at 3. But even assuming this background vacatur principle exists, *see Hewitt*, 606 U.S. at 450-53 (Alito, J., dissenting); *id.* at 453 ("the 'vacatur' principle does not exist"), it does not resolve the statutory question. The central inquiry focuses on the language of the text and statutory context. Here, in context, the Designation Provision refers to the alien's *status* at the time the alien is placed in expedited removal proceedings: an alien who is *currently* in "admitted or paroled" status is ineligible for expedited removal, 8 U.S.C. §1225(b)(1)(A)(iii), whereas an alien who is present in the United States *without* a valid admission or parole may be subject to expedited removal. *See* Dkt. 69 at 43-45.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

s/ *Papu Sandhu*
PAPU SANDHU
(Mass. Bar No. 630090)
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
(202) 616-9357
Counsel for Defendants
Email: papu.sandhu@usdoj.gov

Counsel for Defendants

September 15, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I electronically filed this RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Papu Sandhu*
PAPU SANDHU
Assistant Director
U.S. Department of Justice